PER CURIAM.
Jones appeals from an order denying his motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 after an evidentiary hearing. The stated grounds for post conviction relief was ineffective assistance of trial counsel.
On October 10, 1977, the State filed an information charging Jones with robbery, possession of a firearm by a convicted felon, and having a firearm when engaged in a criminal act. His lawyer did not move for a severance of the counts. At trial, the State introduced evidence of a conviction of second degree murder as proof of the sec *326 ond count. A jury returned a verdict of guilty on all counts.
Jones contends his trial counsel was ineffective because he did not move for a severance of the count charging possession of a firearm by a convicted felon, and the admission into evidence of the conviction of the prior felony prejudiced his case involving the other counts.
We affirm the order appealed from for two reasons. First, Jones filed a previous Rule 3.850 motion to vacate his conviction in which he alleged ineffective assistance of counsel citing various acts of commission and omission that demonstrated ineffectiveness. Notably absent from the cited acts was counsel’s failure to move for a severance. We, of course, recognize that successive Rule 3.850 motions are allowable when the motion raises new grounds. However, it would be anomalous in the extreme to allow a prisoner to file successive Rule 3.850 motions based on the same ground, ineffectiveness of counsel, by using separate omissions of counsel during the trial. For example, the first motion could cite counsel’s failure to call certain essential witnesses. After unsuccessfully proceeding up the appellate ladder and through the various court systems, a second petition could be filed on the same ground citing counsel’s failure to file a motion to sever certain counts for trial, and so on ad infinitum. No rational judicial system would allow that sort of trifling resort to the courts, although our current handling of death cases has about convinced the American public that is what is going on. Jones had his opportunity to present his case for ineffectiveness of counsel in his first motion filed March 26, 1980, and failed to avail himself of counsel’s failure to move for severance. Accordingly, he has waived that complaint.
Secondly, we affirm because in 1978, when Jones was tried, the law in Florida appeared to be that ruling on a motion to sever counts of an information involved a discretionary call by the trial judge. Panzavecchia v. State, 311 So.2d 782 (Fla. 3d DCA 1975). In later years the courts have held refusal to sever where prejudice results is reversible error. State v. Vazquez, 419 So.2d 1088 (Fla.1982); Vazquez v. State, 405 So.2d 177 (Fla. 3d DCA 1981); Orr v. State, 380 So.2d 1185 (Fla. 5th DCA 1980). However, effectiveness of counsel does not involve clairvoyance or anticipation of changes to be made in the law. Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Knight v. State, 394 So.2d 997 (Fla.1981).
Our Supreme Court set out the criteria or standards for determining effectiveness of counsel. Without repeating them here in detail, our serious consideration of those standards convinces us that the trial judge was eminently correct in his determination that the alleged omission charged in this case did not demonstrate that Jones was not furnished reasonably effective assistance of counsel in the trial of his criminal case.
For the foregoing reasons, we affirm the order appealed from.
AFFIRMED.
DOWNEY and DELL, JJ., concur.
ANSTEAD, C.J., concurs in part and dissents in part, with opinion.