502 So.2d 1008 (1987)
Michael Lanis TANNER, a/k/a Mickey Tanner, Appellant,
v.
STATE of Florida, Appellee.
No. 87-192.
District Court of Appeal of Florida, Second District.
February 20, 1987.
PER CURIAM.
Michael Tanner appeals from the summary denial of his motion for postconviction relief. We affirm.
The present motion is the second filed by Tanner since his 1983 conviction and subsequent appeal, but the first motion to raise a claim of ineffective assistance of counsel. Rather than address the merits of the motion, the court found that it constituted an abuse of the procedures set forth in Florida Rule of Criminal Procedure 3.850 because Tanner failed to state any basis for failing to raise the claim of ineffective counsel in his first motion.
Prior to a 1984 amendment, rule 3.850 provided that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." In McCrae v. State, 437 So.2d 1388 (Fla. 1983), the supreme court interpreted this provision as barring only motions based on the same or similar grounds presented in a previous motion, and only then where the first motion was adjudicated on its merits. The court found no procedural impediment to successive motions stating substantially different legal grounds. However, effective January 1, 1985, rule 3.850 was amended to allow dismissal of successive motions "if the judge finds that [the second motion] fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds were alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules." The supreme court has held that this rule change now imposes upon prisoners filing successive motions the affirmative duty of demonstrating why the grounds therein were not contained in the first motion. Christopher v. State, 489 So.2d 22 (Fla. 1986); Witt v. State, 465 So.2d 510 (Fla. 1985). This amendment, because it was procedural in nature only, is retroactive. Stewart v. State, 495 So.2d 164 (Fla. 1986).
*1009 Because Tanner made no effort to justify his filing of a second motion raising additional grounds for relief, the trial court properly denied the motion. The order of the trial court is affirmed without prejudice to Tanner to file an amended motion setting forth any reasons he may have for his failure to include all his arguments in a single motion.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.