510 So.2d 339 (1987)
Alfio FERRO, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1536.
District Court of Appeal of Florida, Second District.
July 8, 1987.
Rehearing Denied July 27, 1987.
PER CURIAM.
Some eight years after the imposition of sentence, Alfio Ferro argues that his "fundamental right" to collaterally attack his conviction has been thwarted by the absence or loss of any trial transcripts. This is simply not so. In Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986), this court reaffirmed that a prisoner is not entitled to obtain unlimited free transcripts preparatory to filing a 3.850 motion. The law requires only that an indigent not be assessed costs of preparing an appellate record if an appeal is taken.[1] Otherwise the rules effectuate pro se filings of 3.850 *340 motions by limiting the movants to statements of fact rather than conclusions of law. Should a prisoner set forth a prima facie showing of entitlement to relief, the burden of combing the record thereafter shifts to the state and the trial court.
Our judicial labor does not end with the determination that Ferro's sentence need not be vacated because transcripts cannot be had. Upon the heels of the motion dealing with transcript problems, Ferro filed a "supplement" wherein he alleged ineffective assistance of counsel. We find his claims are conclusory and insufficient, and hold that the trial court properly denied relief on these grounds. Then came an "addendum" to the first series of motions wherein Ferro maintained that his plea was involuntary. This last filing appears to have been regarded as a separate motion by the trial court and, because it was not filed until after January 1, 1987, the motion was denied as untimely. We cannot say that the decision to handle the "addendum" separately was incorrect. We have no intention of encouraging the piecemeal litigation that inevitably would result from endless last-minute supplementations of 3.850 motions. Instead, the courts have a right to expect that pleadings will not be filed, whether by lawyers or lay persons, until sufficiently and completely drafted.
The trial court's order is also sustainable because by Ferro's own admission a 3.850 motion was filed prior to any in this series. Because Ferro has set forth no reasons why all his grievances could not have been aired in a single petition, all three of the motions presently before us, whether treated individually or collectively, were properly denied. Witt v. State, 465 So.2d 510 (Fla. 1985). Tanner v. State, 502 So.2d 1008 (Fla. 2d DCA 1987).
Affirmed.
RYDER, A.C.J., and CAMPBELL and HALL, JJ., concur.
NOTES
[1] There is a reason why no record was prepared in this case. The judgment and sentence were the result of a plea. Although a notice of appeal was filed, it was untimely and the appeal was dismissed. Ferro v. State, 373 So.2d 466 (Fla. 2d DCA 1979). We subsequently held that Ferro was not entitled to belated appellate review. Ferro v. Wainwright, 378 So.2d 353 (Fla. 2d DCA 1979).