ON MOTION FOR REHEARING
PER CURIAM.
John McConnell appeals from the summary denial of his motion for postconviction relief. We affirmed July 31, 1987. McConnell’s motion for rehearing followed.
The history of confusion that marks this case began when, sometime during December 1986, the circuit court received a pleading purported to be McConnell’s motion to vacate his convictions and sentences for robbery, burglary, kidnapping, and theft. Four separate theories of relief were advanced in this motion, dealing with the propriety of the sentence, the voluntariness of McConnell’s plea, and the adequacy of the assistance provided by trial counsel.[1] On March 25, 1987, the circuit court entered an order denying this motion. The court found that portions of the motion were legally insufficient while others were refuted by the record and attached to the order adequate documentation to support that conclusion. We agree with the circuit court that this motion was properly denied without a hearing.
McConnell then petitioned the circuit court for rehearing, claiming that the court had erred in refusing to permit the filing of a belated “memorandum of law,” which McConnell wished to accompany the motion but which he was unable to prepare before the January 1, 1987, deadline.[2] The circuit court appears to have denied this request for an extension of time in a separate order.[3] While McConnell at one point admitted mailing his motion in December, elsewhere he stated he “has never had a 3.850 motion pending in this court”[4] and asked “how can the court deny Defendant’s 3.850 motion until the court first makes a determination as to whether such 3.850 motion was ever filed?” McConnell concluded that the circuit court had reversed its earlier order and had “tacitly granted” his request to amend his motion and had “not yet formally ruled on Defendant’s motion.” McConnell also pointed out that the court had “only addressed four of the eight grounds raised in Defendant’s 3.850 motion,” whereas he wanted the court to consider all eight points.
On April 28, 1987, apparently as an addendum to the motion for rehearing, McConnell submitted a second motion for postconviction relief containing all eight grounds for relief. On this same date the circuit court entered an order styled “order denying motion for postconviction relief” but addressing, at least in part, the motion for rehearing. The court found that McConnell had “attempted to file an additional motion for postconviction relief under the guise of replacing a copy of the original,” thereby perpetrating a fraud upon the court. McConnell appealed from this order, and finding nothing in the record to suggest the court had incorrectly perceived the situation, we affirmed.
*1078 Now McConnell presents this court with another motion for rehearing wherein he contends that we have “erroneously misapprehended the facts and status of the case.” In support of this premise he alleges that on December 24, 1986, he delivered to the prison librarian a motion for postcon-viction relief containing all eight grounds for relief plus a forty-one-page memorandum. Pursuant to prison regulations the librarian was to notarize and mail the motion. Unbeknownst to McConnell the notary mistook McConnell’s “initial rough draft” for the completed motion, exchanged one for the other, and accidentally mailed the incomplete motion to the circuit court. This is the five-point motion that was denied March 25, 1987. McConnell attaches a copy of an affidavit wherein the librarian acknowledges this possibility. Thus, the circuit court never should have entered its first order, and should have accepted and decided McConnell’s second motion.
Technically speaking, McConnell’s motion for rehearing is inappropriate. If anyone has misconstrued the facts of this case, it is not we. As an appellate court our function is not to gather evidence or to try cases on the facts. Our original decision was. predicated upon the record before us, which contained the “draft” motion, the order of March 25, the two attempts to submit the “finalized” motion, and the order of April 28. Futhermore, the information regarding the notary’s mishap appears to have been conveyed to the trial court, if at all, in a letter of May 13, 1987, or after the final order denying postconviction relief. Shortly thereafter McConnell divested the circuit court of jurisdiction by filing his notice of appeal. We know of this letter only because McConnell has appended a xerox copy to his motion in this court; it is not part of the record on appeal.[5]
Even so, we cannot say that the scenario advanced by McConnell is unbelievable. As a result, we considered affirming the order of the trial court without prejudice to McConnell to refile the “final” motion with an explanation why he should not be penalized for his failure to do so at an earlier date. However, under the circumstances of this case, such a gesture would be a useless act. Even if the trial court determined that McConnell’s excuse was true and valid, and considered the second motion on its merits, that motion would properly be denied without a hearing because it too is legally insufficient. While there is some overlap between the two motions, the second contains, an additional example of what McConnell considered ineffective assistance of counsel. McConnell also complained that the court accepted his plea without any factual basis and that section 947.16, Florida Statutes (1979), by which the court retained jurisdiction over a portion of the sentence for purposes of disapproving parole, is unconstitutional. None of these claims for relief is valid. In fact, some of the claims appear to have been raised and ruled upon even prior to sentencing, in which case McConnell should have presented them to this court on direct appeal.
Accordingly we deny the motion for rehearing.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ.’, concur.

. The motion actually contained five points, but one was repetitive.

. McConnell is attacking a conviction which became final in 1982. McConnell v. State, 413 So.2d 888 (Fla. 2d DCA 1982).

. We find no abuse of discretion in this decision to disallow piecemeal litigation by McConnell. Cf. Ferro v. State, 510 So.2d 339 (Fla. 2d DCA 1987).

.McConnell later submitted to this court a copy of a letter from the trial judge’s "judicial assistant" to McConnell, dated February 9, 1987 and asserting that no 3.850 motion had been received either by the clerk of the circuit court or the state attorney.

. McConnell did attempt to supplement the record on appeal with these documents, along with newspaper clippings and other items not relevant to the appeal. We cannot accept such ex parte submissions of unverified and unfiled exhibits.