528 So.2d 896 (1988)
Robert Anthony PRESTON, Appellant,
v.
STATE of Florida, Appellee.
No. 70835.
Supreme Court of Florida.
May 26, 1988.
Rehearing Denied August 19, 1988.
*897 Larry Helm Spalding, Capital Collateral Representative and Billy H. Nolas, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Appellant's conviction of first-degree murder and sentence of death were affirmed in Preston v. State, 444 So.2d 939 (Fla. 1984). Five days before his scheduled execution, appellant filed a motion to vacate the judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. The trial judge stayed the scheduled execution. The judge then held an evidentiary hearing, after which he denied appellant's motion. Appellant appeals that order. Inasmuch as we hear appeals from final judgments imposing the death penalty, we have jurisdiction of postconviction attacks on such judgments. Art. V, § 3(b)(1), Fla. Const.
At the outset it should be noted that after the stay of execution was entered, the judge permitted appellant to amend substantially his motion for postconviction relief. Thereafter, the hearing was postponed at the request of the Capital Collateral Representative so as to permit further time for investigation. The hearing was *898 not held until almost one year after the original motion had been filed. At the beginning of the hearing, a new lawyer from the office of the Capital Collateral Representative asked to be permitted to take over the case, even though he was not admitted to the Florida Bar. The judge granted the request upon the understanding that he was prepared to go forward with the hearing. Following the close of testimony, appellant's counsel requested to file a memorandum to "supplement the 3.850 proceeding." The court granted the motion after receiving assurances that this was a legal memorandum directed to the issues addressed at the evidentiary hearing. Three weeks later, appellant's counsel moved for a continuance and asked for supplemental relief. He also filed a supplemental memorandum in which he sought to raise new substantive issues based on affidavits which had been signed after the evidentiary hearing. In addition, appellant filed another motion seeking to have a witness produced for testimony "essential to the proper disposition of the instant motion." Finally, a "consolidated addendum" to the motion to vacate as well as a "request for further fact-finding proceedings" was filed along with an "addendum to the proposed order previously submitted." The record does not reflect any attempt to call these motions up for hearing. When the trial judge ultimately denied the motion to vacate, its order addressed only the issues raised in the original amended motion that had been considered at the evidentiary hearing.
In this appeal, appellant raises a myriad of issues, some of which are predicated upon the motions which were filed after the evidentiary hearing and which sought to inject new issues into the case. Under the circumstances, the judge properly declined to rule on these issues, and they will not be further addressed in this opinion. To the extent, if any, that the content of such motions reflects newly discovered evidence tending to exonerate appellant, this may be presented through the filing of a motion for writ of error coram nobis. We note, however, that at least two of the affidavits upon which appellant relies were given by persons who had already testified at the evidentiary hearing.
Appellant contends that the state violated the dictates of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to notify appellant's counsel that the police had discovered keys bearing the name "Marcus A. Morales" in the victim's automobile. The existence of the keys came to light during the original trial. Appellant asserted the Brady violation in his motion for new trial, which the court denied on the premise that appellant had failed to demonstrate the materiality of the keys. This issue could have been raised on direct appeal, and appellant is procedurally barred from now raising the claim. Even if there were no procedural bar, the court did not abuse its discretion in excluding evidence of the keys.
Appellant also asserts that the state committed a Brady violation by failing to disclose to the defense an unfavorable personnel evaluation of a hair analysis expert who testified at appellant's trial. In rejecting this contention, the trial court stated:
The court finds as a matter of fact that Diana Bass' testimony was not misleading or based upon improper technique. The record at best shows only that Diana Bass was the subject of a critical employee evaluation and was being retrained. Robert Kopec, the author of the critical evaluation, indicated that he had no knowledge of her work on this case. James Halligan, the Defendant's expert, could not disagree with Diana Bass' conclusion, could not state that her conclusion was misleading, and could not state that she had not used proper techniques.
We find no error in this conclusion. We do not believe that the state's responsibility under Brady extends to examining in depth the personnel files of proposed expert witnesses and divulging possible adverse comments to the defense.
Appellant also contends that appellant's conviction and sentence should be reversed on the theory of a conflict of interests with respect to his former attorney. Several years before the murder involved *899 in this case, appellant was represented on a misdemeanor charge by Don Marblestone, who subsequently became an assistant state attorney. Marblestone played no substantive role in the prosecution of appellant in this case. He testified that he had not discussed any privileged communications or other matters with reference to appellant with any members of the state attorney's office. Marblestone did appear at a 1980 continuance hearing at the request of the prosecuting attorney who was unable to attend but did so only to communicate that attorney's objection to any motion to continue. In the order rejecting this claim, the court stated:
A. FINDINGS OF FACT.
The court finds that Donald Marblestone represented the Defendant in an unrelated misdemeanor case in the early 1970's and later became employed by the State Attorney's Office. The court further finds that Mr. Marblestone did not participate in the prosecution of the Defendant, nor did he provide any prejudicial information relating to the charges against the Defendant, and that his presence at a motion to continue on October 23, 1980, was at the request of prosecuting attorney, Alan Robinson, to state an objection to motion to continue, which was done without any vigorous objection. The appearance of Mr. Marblestone at that hearing is assistance; however, it is not the character of assistance in the prosecution as contemplated by State v. Fitzpatrick, 464 So.2d 1185 (Fla. 1985), justifying disqualification of the entire State Attorney's Office.
We agree with this analysis.
Appellant contends that in imposing sentence upon him, the trial judge did not properly consider all of the nonstatutory mitigating evidence and points to the recent decision of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), in an effort to avoid procedural default. Appellant's position is not well founded. The jury was properly instructed concerning nonstatutory mitigating evidence, and there is no indication that the judge did not properly consider the nonstatutory mitigating evidence in his sentencing decision. See Johnson v. Dugger, 520 So.2d 565 (Fla. 1988).
Relying upon the rationale of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), appellant further asserts that the judge's instructions to the jurors misled them with respect to the significance to be attached to their sentencing verdict. Appellant cannot now raise this claim, not only because there was no objection interposed at the trial but because the issue was not raised in his direct appeal. Moreover, even if the claim were not procedurally barred, it could not be sustained on the merits. See Combs v. State, 525 So.2d 853 (Fla. 1988); Grossman v. State, 525 So.2d 833 (Fla. 1988).
Appellant's claims based upon the rationale of Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), are procedurally barred because that decision had been issued by the time of appellant's trial, and there was no objection raised at the trial and no argument of the issue on appeal. Even if the point were not procedurally barred, we agree with the trial court that under the facts of this case, he was not entitled to relief. Unlike the circumstances in Estelle, appellant underwent a court-ordered psychiatric examination only after placing his sanity in issue and after notice to his counsel. Moreover, the psychiatrist's testimony of which he complains was presented after he had opened the door through the introduction of psychiatric testimony of his own on the subject. See Hargrave v. State, 427 So.2d 713 (Fla. 1983); Parkin v. State, 238 So.2d 817 (Fla. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971).
The record supports the trial court's conclusion that appellant was not denied the effective assistance of trial counsel. The balance of appellant's claims should have been argued on direct appeal and are not timely raised in these proceedings.
We affirm the order denying the motion for postconviction relief.
It is so ordered.
*900 McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.