PER CURIAM.
Benito Torres appeals two circuit court orders entered in connection with his efforts to obtain postconviction relief.
On August 3, 1989, Torres filed a motion pursuant to Florida Rule of Criminal Procedure 3.850. It is clear from the record on appeal that this was not Torres’s first 3.850 motion in this case, and he was attacking a conviction which became final in 1984. A “supplemental” motion was filed some days later. Neither of these pleadings, nor a later motion for rehearing, suggested any reason why the matters raised therein could not have been covered at an earlier time. Thus the trial court properly denied the motion as both successive and untimely. Tanner v. State, 502 So.2d 1008 (Fla. 2d DCA 1987); Wilkinson v. State, 504 So.2d 29 (Fla. 2d DCA 1987).
The second order under review denied Torres’s petition for mandamus and/or prohibition, which he filed on October 16,1989, naming the clerk of the circuit court as respondent. Torres sought to compel the clerk to furnish free copies of various court records, apparently to facilitate preparation of still more postconviction pleadings. The circuit court properly denied this petition. Carr v. State, 495 So.2d 282 (2d DCA 1986).
Affirmed.
*1231 DANAHY, A.C.J., and SCHOONOVER and ALTENBERND, JJ., concur.