ALTENBERND, Judge.
Daniel Tobey appeals the summary denial of a motion that, on first observation, appears to be his second motion for post-conviction relief. His first motion was denied in 1988, and this court affirmed. Tobey v. State, 533 So.2d 1198 (Fla. 2d DCA 1988), review denied, 542 So.2d 990 (Fla.1989). The trial court logically denied the present motion as successive and therefore not authorized by Florida Rule of Criminal Procedure 3.850. However, after consideration of the unique and unusual procedural history of this case, we determine that good cause exists to excuse the successive filing. Accordingly, we reverse and remand for further proceedings.
The record in this case is noteworthy for the volume of motions, memoranda, and supplements. Mr. Tobey’s first motion for postconviction relief was filed January 11, 1988. Initially it was denied as improperly sworn. An amended motion was filed February 2, 1988, and the trial court directed the state to respond. The primary basis for relief was Mr. Tobey’s claim that the trial court had given the jury inadequate instructions regarding the definitions of manslaughter, excusable homicide, and justifiable homicide. See, e.g., Spaziano v. State, 522 So.2d 525 (Fla. 2d DCA 1988).
On March 23, 1988, prior to the submission of the state’s response, Mr. Tobey filed in circuit court a “supplement to statement of facts and memorandum of law in support of motion for postconviction relief.” In this supplement he alleged that he had received ineffective assistance of trial counsel. The state’s response addressed this supplement as well as the original motion, and argued that the allegations of ineffective assistance were not sufficiently detailed to require a hearing. Specifically, the response stated: “Should Defendant choose to name his sources, testimony can then be taken to determine whether or not Defendant’s allegations are correct.” The trial court’s order denying the motion, including the supplement, simply recited that the “State’s Response is persuasive and is incorporated by reference herein.”
Mr. Tobey’s current motion is merely an expansion of his earlier supplement. He has now provided the names of his sources, as well as additional information including a letter from an attorney who may have relevant testimony. We believe that the supplement, as now amplified by the contents of the current motion, is sufficient to warrant an evidentiary hearing.
In so holding, we do not overlook our prior admonitions against piecemeal litigation at the postconviction level. See, e.g., Ferro v. State, 510 So.2d 339 (Fla. 2d DCA 1987). However, it is apparent that Mr. Tobey is only taking the steps which the trial court’s 1988 order, by incorporating the state’s response, advised him to take. He has merely waited until his appeal was resolved to provide the additional information. Since it appears that he may have delayed in amending his motion due to a misunderstanding of the trial court’s original order, we direct the trial court to treat the current motion as an amendment of his earlier supplement and proceed accordingly-
Reversed.
PARKER, A.C.J., and PATTERSON, J., concur.