570 So.2d 1038 (1990)
Cleophus JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02216.
District Court of Appeal of Florida, Second District.
November 21, 1990.
*1039 PER CURIAM.
Cleophus Jackson appeals the summary denial of his motion for postconviction relief. We dismiss the appeal.
Jackson's original motion, filed in November, 1989, argued a double jeopardy issue (multiple convictions and sentences for trafficking, sale, and possession of the same drug). See State v. Smith, 547 So.2d 613 (Fla. 1989); Carawan v. State, 515 So.2d 161 (Fla. 1987). The supreme court has recently held that Carawan and its progeny were not intended to apply retroactively. State v. Glenn, 558 So.2d 4 (Fla. 1990). Jackson's convictions became final before Carawan. The trial court denied the motion December 6, 1989. Then, on January 18, 1990, Jackson filed a "motion for clarification of ruling and evidentiary hearing." From the record before us it is not possible to determine when, or whether, this second motion was ruled upon.[1] In any event, the second motion is more properly characterized as a motion for rehearing, and as such is untimely.[2]
Assuming Jackson filed his notice of appeal before the trial court ruled on his motion for rehearing, he is deemed to have abandoned that motion. State ex rel. Owens v. Pearson, 156 So.2d 4 (Fla. 1963); Brumlik v. Catalyst Inc., 463 So.2d 240 (Fla. 5th DCA 1984). Furthermore, the untimely request for rehearing did not toll the time for appealing the original December 6 order. Finally, if the motion filed January 18 were treated as a separate proceeding, the trial court would have been authorized to deny it as a successive motion. See, e.g., Ferro v. State, 510 So.2d 339 (Fla.2d DCA 1987).
Appeal dismissed.
DANAHY, A.C.J., and LEHAN and ALTENBERND, JJ., concur.
NOTES
[1] The notice of appeal, which was filed July 23, 1990, does not comply with Florida Rule of Appellate Procedure 9.110(d) in that it fails to specify the rendition date of the order being appealed.
[2] "The prisoner may file a motion for rehearing of any order denying a motion under this rule within fifteen days of the date of service of the order." Fla.R.Crim.P. 3.850.