596 So.2d 1026 (1992)
Larry Donnell BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 74172.
Supreme Court of Florida.
March 5, 1992.
Rehearing Denied May 5, 1992.
Larry Helm Spalding, Capital Collateral Representative and Martin J. McClain, Chief Asst. Capital Collateral Representative, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Larry Donnell Brown, a prisoner under sentence of death, appeals the trial court's summary denial of his first motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Brown was convicted of first-degree murder and burglary of the victim's dwelling. The facts surrounding the murder are set forth in our opinion in Brown v. State, *1027 473 So.2d 1260 (Fla.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985). The trial court sentenced Brown to death, overriding a jury recommendation of life imprisonment. A consecutive life sentence was imposed in connection with the burglary conviction. The convictions and sentences were affirmed by this Court on direct appeal. 473 So.2d 1260. On December 16, 1985, the United States Supreme Court denied Brown's petition for writ of certiorari. Brown v. Florida, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985).
A motion to vacate judgment and sentence was filed by volunteer counsel for Brown on December 16, 1987. Subsequently, the Office of the Capital Collateral Representative (CCR) was substituted as counsel. On July 8, 1988, CCR filed an amendment to the original rule 3.850 motion augmenting several of the claims raised in the original motion and adding a number of new claims. A motion to disqualify the trial judge from presiding over the rule 3.850 proceedings was denied. The amended rule 3.850 motion was later summarily denied by the trial court. Among the reasons given for the summary denial was the fact that those claims raised for the first time in the amended motion were filed after the two-year limitation for filing a motion to vacate prescribed by rule 3.850. This appeal followed.
Brown raises fifteen claims in this appeal. The fifteen claims are: I) his trial counsel was ineffective during the penalty phase of his trial; II) he received ineffective assistance of counsel due to a conflict of interest on the part of one of his trial attorneys; III) his trial counsel was ineffective during the guilt phase of the trial; IV) Brown was illegally sentenced because during the trial the sentencing judge had been suspended from the practice of law for failure to pay annual bar dues; V) the jury override was arbitrary and capricious because the recognized standards for an override were not followed; VI) presentation of impermissible "victim impact" statement to the court, and reliance upon and use of this evidence as basis for the jury override constituted fundamental error; VII) the prosecutor improperly injected racial prejudice into the trial; VIII) the trial judge erred in refusing to disqualify himself from presiding over the rule 3.850 proceedings; IX) Brown's sentencing was contaminated by the presentation of improper and inadmissible opinion evidence; X) nonstatutory aggravating factors were considered in his sentencing; XI) his sentencing proceedings were tainted by introduction of his post-Miranda[1] silence; XII) the guilt phase instructions to the jury and the prosecutor in closing argument improperly commented on Brown's failure to testify; XIII) the State intentionally withheld material exculpatory evidence and relied upon false and/or misleading testimony; XIV) the trial court improperly refused to consider the lack of intent to kill in mitigation; and XV) the trial court failed to consider any aggravating or mitigating factors other than those set forth in a presentence investigation report.
As noted above, the trial court ruled that claims V, VII, X, XI, XII, XIII, and XIV, which were raised for the first time in the amended rule 3.850 motion, are barred under the two-year limitation set forth in rule 3.850,[2] like the thirty-day limitation of Florida Rule of Criminal Procedure 3.851, "was implemented to further some degree of finality in postconviction proceedings," Woods v. State, 531 So.2d 79, 83 (Fla. 1988), the two-year limitation does not preclude the enlargement of issues raised in a timely-filed first motion for postconviction relief. *1028 However, we need not reach the issue of whether claims not contained in the original motion may be raised for the first time by amendment filed after the limitation period has run. As noted below, the trial court properly ruled that each of the new claims raised in the amended motion are procedurally barred for reasons other than the two-year limitation for filing motions for postconviction relief.
Of the claims raised in the amended motion, all but the claims of ineffective assistance of trial counsel and the claim of conflict of interest, which were raised in the original motion, are procedurally barred. Raising a different argument in a rule 3.850 motion to relitigate an issue raised and rejected on direct appeal is inappropriate. Quince v. State, 477 So.2d 535, 536 (Fla. 1985), cert. denied, 475 U.S. 1132, 106 S.Ct. 1662, 90 L.Ed.2d 204 (1986). Therefore, claim V that the override of the jury's recommendation of life was improper, and claim XIII that the State failed to disclose exculpatory information received from Brown's codefendant concerning Brown's stepson, Ricky Brown, are barred because they were raised and rejected on direct appeal. Brown, 473 So.2d at 1264, 1270. Claims IV, VII, IX, X, XI, XII, XIV, and XV are barred because they could have been raised on direct appeal. Roberts v. State, 568 So.2d 1255, 1258 (Fla. 1990). None of the decisions relied upon in connection with these ten claims is such a change in the law as to preclude a procedural bar under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
Claim VI before this Court that the trial court considered victim impact evidence contained in the presentence investigation report and urged by the prosecutor during presentencing remarks that the victim's daughter was extremely upset and believed death was appropriate, contrary to Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), overruled, Payne v. Tennessee, ___ U.S. ___, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), is likewise procedurally barred because this claim was not preserved by timely objection at trial. Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989); Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989).
Next we turn to Brown's contention that he is entitled to an evidentiary hearing in connection with his claims of ineffective assistance of trial counsel and conflict of interest. In claim I before this Court, Brown alleges that his trial counsel was ineffective for failing to adequately investigate, develop and present available mitigating evidence of his deprived childhood, and of his mental and emotional impairment and deficiencies that would have served as a reasonable basis for the jury recommendation of life. See Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988); Ferry v. State, 507 So.2d 1373, 1376 (Fla. 1987); Tedder v. State, 322 So.2d 908 (Fla. 1975). Because neither the motion nor record in this case conclusively demonstrates that Brown is not entitled to relief in connection with this claim, we agree Brown is entitled to an evidentiary hearing. See Kennedy v. State, 547 So.2d 912, 913 (Fla. 1989); see also Mills v. Dugger, 559 So.2d 578-79 (Fla. 1990).
We also find a hearing to be warranted in connection with Brown's claims of conflict of interest and ineffective assistance of counsel during the guilt phase of the trial for failing to impeach the testimony of key State witnesses that Brown admitted killing "one white bitch" while threatening to kill his wife (claims II and III before this Court). Claim II deals with an alleged conflict of interest on the part of Brown's trial counsel. This alleged conflict is based on Brown's assertion that one of his trial attorneys who assisted in cross-examining Brown's codefendant and the State's chief witness, George Dudley, had represented Dudley in connection with a plea of no contest to a charge of aggravated battery prior to trial and, therefore, owed the witness a duty of loyalty that conflicted with the attorney's duty to Brown.
In claim III, Brown combines the two remaining claims of ineffective assistance of counsel that were raised in his rule 3.850 motion. He first argues that counsel was *1029 ineffective for failing to impeach the testimony of key State witnesses that Brown admitted killing "one white bitch" while threatening to kill his wife. He maintains that these witnesses could have been impeached with their own prior inconsistent statements as well as testimony of others who were present at the time the admission was allegedly made. Brown next alleges that counsel was ineffective for failing to engage an independent forensic pathologist to rebut the medical examiner's testimony by establishing that she failed to observe proper protocol during the autopsy; that her examination of the victim was professionally inadequate; that her opinions as to the cause of death were unsupportable under prevailing professional standards; and that her evidence-gathering techniques were unreliable.
The allegations of conflict of interest and the allegations of ineffective assistance based on counsel's failure to impeach key witnesses contained in claims II and III are specific and are not conclusively rebutted by the record. Therefore, the summary denial of relief in connection with those claims was also improper. Mills v. Dugger, 559 So.2d at 578; Kennedy v. State, 547 So.2d at 913. However, Brown's allegations of ineffective assistance of counsel based on counsel's failure to engage an independent pathologist are merely conclusory and therefore warrant summary denial. Kennedy v. State, 547 So.2d at 913.
Finally, we find no merit to Brown's contention in claim VIII that the trial judge erred in denying Brown's motion to disqualify the judge from presiding over the rule 3.850 proceedings.
Accordingly, the denial of the motion to disqualify the trial judge is affirmed. The summary denial of relief in connection with all claims raised in the amended rule 3.850 motion, except claims I, II, and the first claim raised in issue III, is also affirmed. The denial of relief in connection with those claims is reversed and the cause is remanded for an evidentiary hearing in accordance with this decision.
It is so ordered.
SHAW, C.J. and BARKETT, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion, in which OVERTON and GRIMES, JJ., concur.
McDONALD, Justice, concurring in part and dissenting in part.
I agree that Brown is entitled to an evidentiary hearing on whether he was denied effective assistance of trial counsel. I disagree that his allegation of an alleged conflict of interest because of past representation of a witness by one of his lawyers warrants a hearing.
OVERTON and GRIMES, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Florida Rule of Criminal Procedure 3.850 provides in pertinent part:

A motion to vacate a sentence which exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final unless it alleges (1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, or, (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.