PER CURIAM.
Mark Freeman appeals the summary denial of his motion for postconviction relief.
The procedural history of Freeman’s motion is rather convoluted. Initially Freeman alleged four separate instances of what he considered ineffective assistance of counsel. Before the trial court could decide that motion on its merits, a supplement raising one additional issue was filed. The order denying Freeman’s motion did not address this extra issue, a fact pointed out by Freeman on rehearing. Ordered to respond, the state instead moved to strike the supplement as improperly sworn. The motion to strike was granted, prompting this appeal.[1]
We first consider the trial court’s ruling regarding the four issues raised in the original motion, and find that all four are either facially insufficient or refuted by the record attachments provided by the trial court. However, we are of the opinion the supplemental motion presents a prima facie showing of entitlement to relief. The oath is attacked because it states that the facts are true “to the best of [Freeman’s] knowledge and belief.” This is insufficient. Scott v. State, 464 So.2d 1171 (Fla.1985). In Gorham v. State, 494 So.2d 211 (Fla.1986), the supreme court explained its position in Scott; Gorham, much like the present case, involved a defendant who disavowed personal knowledge of the facts he was asserting because they were uncovered through an attorney and investigator. The supreme court distinguished “personal” knowledge, which was imputed to Gorham (and so could be imputed to Freeman) from “firsthand” knowledge. Accordingly, we are unable to find that the circuit court erred in granting the state’s motion to strike. Our holding is without prejudice to Freeman to refile the supplemental motion with the proper oath included. *277 Cf. Williams v. State, 561 So.2d 1349 (Fla. 1st DCA 1990).[2]
Affirmed.
RYDER, A.C.J., and SCHOONOVER and HAUL, JJ., concur.

. Further complicating the matter, Freeman did not timely appeal. However, this court granted belated appellate review on the authority of State *277 ex ret Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla.1975).

. In so holding we acknowledge our prior disapproval of piecemeal 3.850 filings. Ferro v. State, 510 So.2d 339 (Fla. 2d DCA 1987). It is not possible to determine from the record presently before us whether the state was prejudiced by Freeman's late-filed supplement. After remand the trial court may consider any allegations of prejudice that may be raised before ruling on the merits of the supplemental motion.