PER CURIAM.
Arthur Smith (Smith) appeals what he contends is the trial court’s denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We dismiss his appeal.
After Smith filed his motion for postconviction relief, he later filed a motion to amend that the trial court denied. Although the trial court attached a copy of Smith’s sentencing transcript to its order, there is no indication that its intent was to deny Smith’s original motion. Additionally, the record does not contain any order specifically determining the merits of the original motion.
We know of no authority that gives us jurisdiction to review an order denying a motion to amend a motion for postconviction relief. Moreover, even if such authority exists, we would conclude that the trial court did not err by denying the motion. See Ferro v. State, 510 So.2d 339, 340 (Fla. 2d DCA 1987) (“[T]he courts have a right to expect that pleadings will not be filed [under rule 3.850], whether by lawyers or lay persons, until sufficiently and completely drafted.”)
However, upon the return of our mandate, the trial court shall comply with the requirements of rule 3.850(d) and render an order on Smith’s original motion. If Smith is aggrieved by the trial court’s order, he shall have thirty days within which to appeal to this court under rule 3.850(g).
Appeal dismissed.
RYDER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.