654 So.2d 608 (1995)
Marvin A. SHAW and Leonard B. Williams, Appellants,
v.
STATE of Florida, Appellee.
No. 94-2726.
District Court of Appeal of Florida, Fourth District.
May 3, 1995.
*609 Steven Wisotsky, Fort Lauderdale, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Marvin Shaw and Leonard Williams have appealed an order denying their rule 3.850 motion without an evidentiary hearing. We affirm the denial of the motion insofar as it addresses the arguments raised in the initial motion, but remand to the trial court for consideration of additional issues timely raised in an amended motion and a supplement to the original motion.
Shaw and Williams were convicted of aggravated battery and armed robbery, and their convictions were affirmed. Thereafter they filed a rule 3.850 motion for post conviction relief based upon ineffective assistance of counsel. After their motion was filed, and prior to the time that the trial court ruled on the motion, Shaw and Williams filed an amended motion and a supplement to the original motion with the affidavits of three experts to support their allegations. The amendment and supplement address whether the motion to suppress should have been renewed at trial; whether the defense counsel should have objected to the in-court identification of the defendants as being unduly suggestive; whether the trial counsel should have brought up evidence of lack of motive; and whether the discrepancy between the eyewitness' version of the description she gave to the police and the detective's version should have been brought up at trial.
The trial court's order denying the 3.850 motion did address all of the claims which were raised in the original motion but not those in the amended motion or in the supplement to the motion.
Rule 3.850(b) provides a two year time limitation for filing motions to vacate a sentence, and rule 3.850(f) prohibits multiple or successive motions. The cases discussing successive motions, however, generally involve situations in which the second motion is filed after the first motion has been denied. See e.g., Jones v. State, 450 So.2d 325 (Fla. 4th DCA 1984).
In this case the amendment and supplement were filed within the 2 year limitation and before the trial court ruled on the initial motion. Under these circumstances there is no reason why the trial court should not consider the merits of them. We therefore remand for consideration of those issues raised by the defendants in their amended motion and supplement.
AFFIRMED.
DELL, C.J., and KLEIN and PARIENTE, JJ., concur.