PER CURIAM.
James Grissom challenges the trial court’s denial of his posteonviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court found the motion successive, and did not resolve it on the merits. For the reasons which follow, we reverse. Grissom filed his first posteonviction motion on August 11, 1994, attacking a conviction which had become final on July 29, 1994. On October 21, 1994, the court summarily denied all of his claims but one, for which an evidentiary hearing was scheduled. On July 21, 1995, an addendum to his motion was filed, raising an additional complaint about his trial counsel’s performance. The trial court treated the addendum as a separate and distinct rule 3.850 motion, and denied it as successive. The trial court, however, had not at that time entered a final order disposing of all the issues raised in the original August 11, 1994, motion. The addendum filed by Grissom, less than two years after his conviction had become final, was not untimely. Thus, the issue raised in the addendum should have been considered on its merits. See Shaw v. State, 654 So.2d 608 (Fla. 4th DCA 1995).
The record does not disclose whether a final order has yet been rendered on the original motion. If it has not, the issue raised in the addendum can be dealt with in that order when it is issued. If that order has in fact been rendered, the court may treat the amendment as a distinct, but not successive, posteonviction motion, and pass upon the merits of the claim.
Reversed and remanded.
FRANK, A.C.J., and ALTENBERND and QUINCE, JJ., concur.