708 So.2d 308 (1998)
Raymond A. McCONN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00070.
District Court of Appeal of Florida, Second District.
March 11, 1998.

EN BANC
QUINCE, Judge.
Raymond McConn appeals the trial court's order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and the trial court's order denying his motion to amend. We affirm, without discussion, the trial court's order denying McConn's 3.850 motion. We also affirm the trial court's denial of McConn's motion to amend because he has failed to demonstrate that the trial court abused its discretion in denying the motion.
McConn was convicted after a jury trial of two counts of sexual battery and two counts of lewd and lascivious conduct. On appeal, this court reversed two of the convictions on double jeopardy grounds. The mandate was issued on February 9, 1995. See McConn v. State, 648 So.2d 837 (Fla. 2d DCA 1995). McConn filed his motion for postconviction relief on July 8, 1996, and his motion to amend on October 4, 1996, approximately eight days after the State filed its response to the postconviction motion. The motion to amend was sworn to and contained two additional claims. The trial court, in an order dated October 30, 1996, denied the motion to amend, and in an order dated December 2, 1996, denied the motion for postconviction relief.
*309 The trial court's order denying the motion to amend cites to our opinion in Smith v. State, 636 So.2d 171 (Fla. 2d DCA 1994). In Smith, we dismissed a defendant's appeal from the trial court's denial of a motion to amend, holding we did not have jurisdiction to review such an order. In dicta, we noted, relying on Ferro v. State, 510 So.2d 339 (Fla. 2d DCA 1987), that a trial court has the authority to deny a motion to amend. However, in Grissom v. State, 679 So.2d 849 (Fla. 2d DCA 1996), we held a trial court should consider the merits of an addendum to a rule 3.850 postconviction motion which raises an additional claim of ineffectiveness of trial counsel where the addendum was filed less than two years after the conviction became final and before the trial court had disposed of all of the issues on the original motion.
In addition to Smith and Grissom, we have addressed addenda, supplements and motions to amend postconviction motions on several other occasions. For example, in Ferro, the defendant filed a motion for postconviction relief eight years after his judgment and sentence became final, alleging his right to collaterally attack his sentence was thwarted because of the absence or loss of trial transcripts. In addition, he filed an addendum to the motion alleging his plea was involuntary. The trial court treated the addendum as a separate motion and denied it as untimely. We affirmed the trial court's decision, and said, "We have no intention of encouraging the piecemeal litigation that inevitably would result from endless last-minute supplementation of 3.850 motions. Instead, the courts have a right to expect that pleadings will not be filed, whether by lawyers or lay persons, until sufficiently and completely drafted." 510 So.2d at 340.
However, in Freeman v. State, 629 So.2d 276 (Fla. 2d DCA 1993), the defendant filed a motion alleging four instances of ineffective assistance of counsel. Prior to a ruling on the motion, he filed a supplement to the motion which raised an additional issue. The trial court's order denying relief addressed only the four points raised initially. On rehearing, the defendant pointed out that the order did not address the supplemental issue. The State was ordered to respond and did so by filing a motion to strike because the supplement did not contain an oath. Although we found no error in the trial court's order striking the supplement, we affirmed without prejudice to the defendant refiling the supplemental motion with the proper oath. Again we acknowledged our prior disapproval of piecemeal postconviction litigation, but said, "It is not possible to determine from the record presently before us whether the state was prejudiced by Freeman's late-filed supplement. After remand the trial court may consider any allegations of prejudice that may be raised before ruling on the merits of the supplemental motion." Freeman, 629 So.2d at 277, n. 2. However, in Tobey v. State, 566 So.2d 603 (Fla. 2d DCA 1990), this court determined there was good cause to allow a second motion for postconviction relief because the successive filing was invited by the trial court's order on the original motion. In so ruling we acknowledged our earlier holding in Ferro, which discouraged piecemeal litigation on the postconviction level.
Other district courts of appeal have also wrestled with this issue and have come to varying conclusions. In Shaw v. State, 654 So.2d 608 (Fla. 4th DCA 1995), the court remanded for consideration of the additional issues raised in an amended motion and supplement to the original 3.850 motion. The Fourth District held the amended motion and supplement should be considered on the merits because they were filed within the two-year time limitation provided for in the rule and were filed prior to a decision on the original motion. The Fifth District went even further in Rozier v. State, 603 So.2d 120 (Fla. 5th DCA 1992), when it granted certiorari relief to a defendant who had filed a motion to amend and/or supplement a 3.850 motion which was denied by the trial court. The 3.850 motion was filed within the two-year limitation period. However, that period had expired prior to the filing of the motion to amend or supplement. The court indicated that the two-year time limitation did not preclude enlargement of issues raised in a timely filed 3.850 motion. See Brown v. State, 596 So.2d 1026 (Fla.1992).
*310 The Brown case makes it clear that in those cases where the defendant is requesting leave to "supplement," that is, to add more information on an issue initially raised in a timely first motion for postconviction relief, the trial courts should allow such a supplement, even when the motion to supplement is filed beyond the two-year time limitation. The matter is not so clear cut when the movant is requesting an amendment which adds grounds not alleged in the original 3.850 motion. We believe that a request to amend a motion which contains new grounds for relief should be handled in the same manner that the court would consider a successive motion under the rule.[1]
Florida Rule of Criminal Procedure 3.850 provides in pertinent part:
(f) Successive motions. A second or successive motion may be dismissed ... if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
And, in interpreting this provision of the rules, our courts have uniformly held that a second or successive motion constitutes an abuse of the procedure where the movant fails to allege a reason for his failure to include the issues in the prior motion. See Preston v. State, 528 So.2d 896 (Fla.1988) (trial court properly declined to rule on issues raised in motions filed after the movant had an evidentiary hearing on his 3.850 motion); Ragan v. State, 643 So.2d 1175 (Fla. 3d DCA 1994) (successive motion constituted an abuse where movant failed to demonstrate facts to support his new claim could not have been known to him at the time of the prior motion); Torres v. State, 554 So.2d 1230 (Fla. 2d DCA 1990) (trial court properly denied a successive motion for postconviction relief where no reason was given for failure to raise the issue in a prior postconviction motion).
If the two-year time period has expired, the trial court can properly deny the motion to amend as untimely. If the two-year time period has not expired, the trial court should consider whether there was cause for failure to include the new allegations in the original motion. The reasons which constitute cause under these circumstances are the same reasons a court would address a successive motion under the rule.[2] Those reasons include newly discovered evidence, that the basis for the present claim has just been rendered in a decision by the Florida Supreme Court or the United States Supreme Court, or, in the case of ineffective assistance of counsel, that trial counsel filed the prior motion and it is his/her performance that is being called into question. Should cause be demonstrated, the trial court must determine the additional claims on the merits. However, if there is no cause demonstrated for failure to raise the claim in the original motion, the trial court can properly deny the motion to amend. Our review of the trial court's determination on this issue is limited to whether the trial court abused its discretion. Because of our holding here, we recede from our prior decisions on this issue to the extent that they do not conform to the procedure outlined herein.
In the instant case, the trial court denied the motion, relying on our prior decisions which indicate the trial court does not have to accept piecemeal pleadings. Although no ruling was made on the issue of cause, our review of the record indicates the addendum or motion to amend does not set out any reason for failure to include the new allegations in the original motion for postconviction relief. McConn simply asks for leave to amend "in the best interest of justice." Since McConn does not allege any facts which demonstrate good cause for failing to *311 raise these issues in the original motion, we affirm the trial court's denial of the motion to amend.
Affirmed.
DANAHY, CAMPBELL, FRANK, THREADGILL, WHATLEY, NORTHCUTT, GREEN and CASANUEVA, JJ., concur.
BLUE, J., dissents with an opinion in which PARKER, C.J., and PATTERSON, ALTENBERND and FULMER, JJ., concur.
BLUE, Judge, dissenting.
I concur in the affirmance of the trial court's denial of the motion to amend in this case because the trial court found the request to amend to be an abuse of procedure.[3] However, I respectfully dissent because of the prospective rules established by the majority opinion. I am primarily concerned that the majority opinion adds restrictions for consideration of second or successive motions not contained within the plain language of Florida Rule of Criminal Procedure 3.850(f).[4] The opinion then adopts these same restrictions for consideration of amendments or supplements to rule 3.850 motions. I believe the restrictions are a departure from the prior decisions of this and other courts and possibly constitute a usurpation of the supreme court's rule making authority.
As I read rule 3.850(f), it provides for second or successive motions which allege new or different grounds for relief unless the trial court finds the failure to assert the new or different grounds in a prior motion constitutes an abuse of procedure. Even if new or different grounds are alleged, the majority opinion shifts from the judge the obligation to find an abuse of procedure to the defendant to demonstrate good cause for the successive motion. The good cause required to be shown for a motion filed by the pro se prisoner seeking to file a subsequent motion is limited to those reasons established to support an untimely 3.850 motion. See Fla. R.Crim. P. 3.850(b)(1) and (2).
Without a rule pertaining specifically to amendments and supplements, I agree with the majority that the same treatment for amending or supplementing a motion as applied to second or successive motions is logical; but only if applied as rule 3.850(f) is written, without the added restrictions. I do not advocate abuse of procedure, but the majority would require pro se prisoners to get everything right in their first motion while highly paid civil lawyers are often allowed to amend civil pleadings three or four times. Surely an amendment or supplement which is filed prior to utilization of any judicial labor should not be summarily dismissed because the prisoner failed to include the grounds in the original pleading.
The supreme court decisions cited by the majority, Brown v. State, 596 So.2d 1026 (Fla.1992) (two-year limitation for filing motion to vacate sentence does not preclude enlargement of issues raised in a timely-filed first motion for postconviction relief); Preston v. State, 528 So.2d 896 (Fla.1988) (the trial court permitted substantial amendments to the original motion, and addressed issues raised in the original amended motion); and others, Wright v. State, 581 So.2d 882 (Fla. 1991); Herring v. State, 580 So.2d 135 (Fla. 1991); Woods v. State, 531 So.2d 79 (Fla. 1988), do not appear to restrict the right to amend or supplement. The majority opinion concedes conflict with the Fourth and Fifth Districts. See Shaw v. State, 654 So.2d 608 (Fla. 4th DCA 1995); Nava v. State, 659 So.2d 1314 (Fla. 4th DCA 1995); Bryant v. State, 661 So.2d 951 (Fla. 4th DCA 1995); Steele v. State, 645 So.2d 59 (Fla. 4th DCA 1994); Rozier v. State, 603 So.2d 120 (Fla. 5th DCA 1992). I suggest that, at the least, the conflict be certified.
*312 Rule 3.850(f) provides the trial court an opportunity to determine that a pleading subsequent to the first motion constitutes an abuse of procedure. Why should we not require the trial court to reduce to writing a finding of abuse of procedure when dismissing an amendment, supplement, second or successive motion? The trial court's ruling to dismiss would then be subject to review on appeal under the abuse of discretion standard, with the burden of demonstrating error on the defendant. This procedure appears workable, as well as in conformance with the plain language of rule 3.850(f).
I concur in the result in this case because the trial court's order did not constitute an abuse of discretion in dismissing the motion to amend. I dissent because I conclude the majority opinion adopts restrictions for subsequent 3.850 motions that go far beyond the plain meaning and intent of the rules.
NOTES
[1] Treating motions to amend in the same manner we treat successive motions pursuant to rule 3.850 eliminates the problem which would arise if we followed the Grissom v. State, 679 So.2d 849 (Fla. 2d DCA 1996), line of cases, that being, how many motions to amend or supplement would we allow before the requests would constitute an abuse of the procedure.
[2] Our decision on this issue does not preclude the trial court from allowing an amendment to a postconviction motion where no judicial labor has been expended on the originally filed motion, i.e., there has been no order to respond, etc.
[3] Although the trial court did not use the words "abuse of procedure," it is clear from the order that abuse of procedure was the basis for the ruling.
[4] (f) Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.