845 So.2d 259 (2003)
William BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3859.
District Court of Appeal of Florida, Second District.
May 9, 2003.
*260 NORTHCUTT, Judge.
William Bailey challenges the summary denial of his motion seeking sundry forms of postconviction relief. We affirm without prejudice to any right Bailey has to file a motion for belated appeal with this court. We also affirm without prejudice to any right Bailey has to file a sworn, facially sufficient motion pursuant to Florida Rule of Criminal Procedure 3.850.
On April 5, 2001, Bailey pleaded nolo contendere in case number 99-17749 to one count of trafficking in cannabis (50-2000 pounds), one count of conspiracy to traffic in cannabis (50-2000 pounds), and one count of possession of cannabis (less than 20 grams). He was sentenced to ten years in prison concurrent on each of the two trafficking counts with a three-year minimum mandatory on count one only. He was sentenced to time served on the possession count. The sentences were to be served concurrent with those imposed in case number 99-17774, which is not involved in this appeal.
On April 19, 2001, Bailey pleaded nolo contendere to one count of trafficking in cannabis (25-2000 pounds) in case number 01-3835. He was also charged with carrying a concealed weapon, but this charge appears to have been dropped. He was sentenced to ten years on the trafficking count, with a minimum mandatory of three years. The sentence was to be served concurrent to the sentences in case numbers 99-17774 and 99-17749.
Bailey filed a motion pursuant to rule 3.850 but entitled "Motion to Grant Belated Appeal." The circuit court interpreted this as a motion for belated appeal, as well as a motion for postconviction relief and a motion to correct illegal sentence.
The circuit court dismissed the motion insofar as it sought a belated direct appeal because jurisdiction to entertain such a motion lies with the appellate courts rather than the trial courts. See Fla. R.App. P. 9.141(c)(2). We affirm without prejudice to any right Bailey has to file a motion for belated appeal in this court.
To the extent Bailey's motion requested relief under rule 3.850, the circuit court determined that it was facially insufficient because Bailey did not set out the required contents and the oath was insufficient. The court further noted that most of the issues raised could or should have been raised on direct appeal. Accordingly, the court dismissed the motion without prejudice. We affirm without prejudice to any right Bailey has to file a sworn, facially *261 sufficient motion pursuant to rule 3.850. See Freeman v. State, 629 So.2d 276 (Fla. 2d DCA 1993). Because it appears that the two-year time limit for Bailey to file a rule 3.850 motion has nearly expired during the pendency of this appeal, Bailey shall have thirty days from the date of the mandate following this opinion in which to file a corrected motion and memorandum of law. See Bernal v. State, 768 So.2d 467 (Fla. 2d DCA 2000).
In his last claim, Bailey argued that he should be resentenced on the trafficking counts in case numbers 01-3835 and 99-17749 based on our decision in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), which invalidated the legislative enactment that imposed the three-year mandatory minimum prison term for the trafficking offense. The circuit court treated this assertion as a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). It granted this aspect of Bailey's motion and struck the three-year minimum mandatory provision from Bailey's sentences in case numbers 99-17749 and 01-3835. We affirm the order in this regard.
Affirmed.
DAVIS and VILLANTI, JJ., Concur.