993 So.2d 637 (2008)
Ralph THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2247.
District Court of Appeal of Florida, Fourth District.
November 5, 2008.
Ralph Thomas, Crestview, pro se.
*638 No appearance required for appellee.
PER CURIAM.
We affirm the trial court's order summarily denying appellant's August 3, 2007 Florida Rule of Criminal Procedure 3.850 motion. On September 4, 2007, however, appellant filed a supplement to his motion that was not considered by the trial court. This supplemental motion was timely filed within two years of this court's affirmance of the conviction and sentence in Thomas v. State, 909 So.2d 568 (Fla. 4th DCA 2005). See Fla. R.Crim. P. 3.850(b). The supplement, which was filed before the trial court had ruled on the motion, should have been considered by the trial court. Gaskin v. State, 737 So.2d 509, 517-18 (Fla.1999), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004).
The supplemental motion raised a claim that trial counsel was ineffective in failing to convey a plea offer. The claim appears legally sufficient and is not refuted by any of the attached records. Cottle v. State, 733 So.2d 963 (Fla.1999). The trial court erred in failing to consider and rule on this timely-filed supplemental motion. Edwards v. State, 963 So.2d 296 (Fla. 4th DCA 2007); Shaw v. State, 654 So.2d 608 (Fla. 4th DCA 1995). We reverse and remand for consideration of this claim only.
On April 25, 2008, after the two-year time limit had run and after the trial court had denied the originally-filed motion, appellant attempted to amend his supplement to add an eleventh claim for relief. This attempt at amendment was untimely and was properly denied by the trial court.
We caution postconviction movants that abuse of the procedure permitting motions seeking postconviction relief can result in sanctions, including forfeiture of gain time. §§ 944.279(1), 944.28(2)(a), Fla. Stat. (2007). Movants who abuse the law set out in Gaskin, by filing a series of amendments to a motion before the trial court can rule, could be sanctioned for filing frivolous or malicious collateral criminal proceedings.
WARNER, STEVENSON and TAYLOR, JJ., concur.