WENTWORTH, Judge.
Appellant seeks review of an order by which he was convicted of trafficking in *427 and conspiring to traffic in cocaine, and sentenced to 15 years incarceration with a $250,000 fine on each count. He contends the trial court erred in failing to find that the defense of entrapment was established as a matter of law. We find that because appellant failed to raise the defense in a pretrial motion to dismiss or in his motions for judgment of acquittal, he did not preserve this issue for appeal, and we therefore affirm.
Appellant was arrested and charged with trafficking in and conspiring to traffic in cocaine following a reverse sting operation in which he introduced a drug seller to a confidential informant and law enforcement officials posing as drug buyers. The case was tried before a jury. Appellant raised the entrapment defense in his opening statement and elicited testimony relevant to the defense. At the close of the state and defense cases, appellant moved for judgments of acquittal, but argued in both instances only that the state had failed to make out a prima facie case against him. The court denied the motions, and the jury found appellant guilty as charged.
Appellant argues that the conduct of law enforcement officials and the confidential informant were such that entrapment was evident as a matter of law. The defense of objective entrapment, as defined in Cruz v. State, 465 So.2d 516 (Fla.1985), focuses on whether police conduct falls below standards for proper use of governmental power, and is a threshold matter of law for the court to decide before the jury is given the issue of subjective entrapment, which focuses on whether the defendant was predisposed to commit the crime. In Cruz, supra, the defendant properly raised the objective entrapment defense in a pretrial motion to dismiss. Appellant did not raise the threshold objective entrapment test in a pretrial motion to dismiss, nor did he base his motions for judgment of acquittal on the defense as did the defendant in Marrero v. State, 493 So.2d 463 (Fla. 3d DCA 1985). Because appellant did not properly raise the objective entrapment defense in the trial court for its determination, we find this issue was not preserved for appeal.
As to appellant’s argument that the evidence failed to establish his constructive possession of cocaine, we find there was sufficient evidence showing that appellant had actual knowledge of the presence of the cocaine to support the jury verdict. See Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981).
Accordingly, the order is affirmed.
SMITH, C.J., and JOANOS, J., concur.