826 So.2d 460 (2002)
Victor LANIER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-233.
District Court of Appeal of Florida, First District.
September 13, 2002.
*461 Appellant, pro se.
Robert A. Butterworth, Attorney General; Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Victor Lanier appeals an order denying his amended motion for postconviction relief. We determine that the trial court erred in ruling that appellant's motion to amend his rule 3.850 motion was procedurally barred as untimely without addressing whether the claims in the amended motion constitute an enlargement of a timely filed claim. To the extent that the amended motion may be viewed as an enlargement of a claim raised in his initial motion, the trial court was required to address the merits of the amended claim. In all other respects, the trial court is affirmed.
Appellant filed a rule 3.850 motion for postconviction relief on October 25, 1999. On July 16, 2001, prior to the trial court ruling on the motion, appellant filed a motion to amend the request for postconviction relief. The original conviction and sentence was affirmed on appeal with a mandate issuing on March 12, 1998. Thus, the amended motion was filed outside the two-year window provided in Florida Rule of Criminal Procedure 3.850. The trial court denied the original motion and subsequently ruled that the amendment to the motion was procedurally barred as untimely pursuant to McConn v. State, 708 So.2d 308 (Fla. 2d DCA 1998).
A trial court may properly deny an amended rule 3.850 motion as untimely when it raises new claims and is filed outside of the two-year time period. McConn, 708 So.2d at 310. The two-year time period, however, does not preclude the enlargement of issues which were raised in a timely filed motion for postconviction relief. Brown v. State, 596 So.2d 1026, 1027 (Fla.1992). One of the grounds raised in appellant's original motion, ground six, was that defense counsel failed to raise the issue of entrapment. Appellant's argument appeared to be based on what is known as "subjective entrapment," which focuses on whether appellant was predisposed to commit the crime. See James v. State, 525 So.2d 426 (Fla. 1st DCA 1987). Appellant's motion to amend stated that trial counsel knew there were witnesses whose testimony could show police misconduct which induced appellant to commit the crime.
To the extent that appellant's motion attempts to raise an ineffective assistance of counsel claim based solely on a new claim of police misconduct, which is "objective entrapment," it is untimely. To the extent, however, that grounds I and II of the amended motion provide new information *462 to support the original claim of failure to investigate a defense of "subjective entrapment," they are an enlargement of a timely filed claim. We, therefore, reverse that part of the order denying ground six of the original motion and direct that the trial court address that claim as amended.
BOOTH and LEWIS, JJ., concur.