PER CURIAM.
We affirm the trial court’s summary denial of appellant’s untimely and successive motion for postconviction relief. In a document filed in this court, appellant has attempted for the first time to excuse his untimely filing. Appellant alleges that he could not timely challenge his 2002 conviction due to his mental illness and because he was in a suicide crisis unit and under the care of a psychiatrist from 2002 until 2012.
Appellant has improperly attempted to raise this issue for the first time on appeal in this court. If appellant had a valid exception to the two-year time limit, the proper course was to raise that matter with the trial court. See Fla. R.Crim. P. 3.850(b); Steele v. Kehoe, 747 So.2d 931 (Fla.1999).
We determine that appellant’s claim is not only procedurally improper but without merit as well. Appellant’s allegation that he was unable to timely file a motion is belied by the fact that appellant actually filed a postconviction motion within the time limit and that motion was denied on the merits.
Further, appellant’s arguments in the motion for postconviction relief are without merit. His claim that the procedures for determining competency were not followed because he was examined by only one expert before he entered his plea cannot be raised in a postconviction motion. Nelson v. State, 43 So.3d 20, 33 (Fla.2010); Thompson v. State, 88 So.3d 312, 317 (Fla. 4th DCA 2012).

Affirmed.

GROSS, HAZOURI and CONNER, JJ., concur.