PER CURIAM.
Terry L. Norris (defendant) appeals the trial court’s order summarily denying his motion for post-conviction relief, filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm in all respects, except one.
In ground four of his motion, the defendant argued that his sentence of 25-years incarceration for robbery[1] exceeded the statutory maximum of 15 years. Specifically, he claimed he was sentenced as a prison releasee reoffender (PRR) and, therefore, the trial court could not exceed the 15-year statutory maximum for a second-degree felony. The trial court denied this ground, stating that the defendant’s scoresheet authorized a maximum sentence of 35 years’ imprisonment. However, the court did not attach documents conclusively refuting the defendant’s claim. Accordingly, we reverse the trial court’s order and remand for reconsideration of ground four.
On remand, we direct the court’s attention to the fact that it appears that the defendant may have received an unlawful habitual felony offender (HFO) sentence for the third-degree felony of grand theft, and he also may have been sentenced to equal HFO and PRR sentences in violation of Grant v. State, 770 So.2d 655 (Fla.2000).
AFFIRMED in part, REVERSED in part, REMANDED.
ORFINGER, C.J., PALMER and GRIFFIN, JJ., concur.

. § 812.13(2)(c), Fla. Stat. (2010).