IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TERRY NORRIS,

      Appellant,

v.
                                  Case No.  5D16-1769

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 12, 2016

3.850 Appeal from the Circuit Court
for Sumter County,
William H. Hallman, III, Judge.

Terry Norris, Milton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Terry Norris, an inmate in the Florida Department of Corrections, appeals the postconviction court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  The court determined that the motion was untimely.  We reverse and direct the lower court to consider the merits of the motion.

In 2011, Norris pleaded guilty to committing the crimes of strong-arm robbery, grand theft, and writing threats to kill or do bodily injury. Norris challenged his initial sentences in a prior rule 3.850 motion, and, as a result of our opinion in *Norris v. State*, 114 So. 3d 423 (Fla. 5th DCA 2013), Norris appeared before the trial court on October 23, 2013, for resentencing. At that time, the court sentenced Norris to serve fifteen years in prison for the strong-arm robbery, five years in prison for the grand theft, and fifteen years in prison for writing threats to kill or do bodily injury, with all sentences running concurrently. Additionally, Norris was designated a prison releasee reoffender ("PRR") on the strong-arm robbery conviction. No direct appeal was filed.

On January 9, 2015, Norris prepared a handwritten motion for postconviction relief pursuant to rule 3.850 and provided it to the Blackwater River Correctional Facility that same day for mailing, as evidenced by the date stamp placed on Norris's motion by the correctional facility.[1] Pursuant to the "mailbox rule," the motion is considered filed on that date. *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992) ("Under the mailbox rule, a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. Usually, this point occurs when the inmate places the document in the hands of prison officials." (citation omitted)). In his motion, Norris argued that his counsel was ineffective at the October 23 resentencing for not objecting to the "illegal PRR sentence" because the State "never established by a preponderance of evidence that [Norris] qualified as a PRR."

---

[1] The January 9, 2015 motion was attached as exhibit "A" to Norris's initial brief. We elect to treat this document as an appendix filed pursuant to Florida Rule of Appellate Procedure 9.220(a).

There is no indication in our limited record that the postconviction court ever ruled on the January 9, 2015 motion. Approximately thirteen months later, on February 16, 2016, Norris filed a typewritten motion for postconviction relief pursuant to rule 3.850. In this subsequent motion, Norris again asserted the same (and only) ground for relief as in his earlier motion. The postconviction court denied the February 16, 2016 motion, finding that it was not filed within two years of the October 23, 2013 judgment and sentences becoming final as required by rule 3.850(b), and that no exceptions to this two-year time requirement applied. Norris moved for rehearing, arguing that the court had overlooked his timely filed January 9, 2015 motion, and essentially requested that the court reconsider its ruling and address the merits of his motion.[2] The court denied the motion for rehearing.

The lower court correctly determined that the February 16, 2016 motion was filed outside the two-year time frame of rule 3.850(b). However, if a motion filed after two years does not raise new claims but merely enlarges issues previously raised in a timely filed motion for postconviction relief, then the court is required to address the merits of the amended motion. *Lanier v. State*, 826 So. 2d 460, 461 (Fla. 1st DCA 2002) (citing *Brown v. State*, 596 So. 2d 1026, 1027 (Fla. 1992)). Here, the January 9, 2015 motion for postconviction relief was timely filed. Though the February 16, 2016 motion was not labeled as an "amended" motion, the postconviction court was required to consider the merits of that motion because the merits of the earlier motion had not been addressed by

---

[2] In defense of the postconviction court, our record does not indicate that Norris ever brought his earlier motion to the court's attention prior to filing his motion for rehearing. Norris never mentioned in his February 16, 2016 motion that his 2015 motion was filed and had not been ruled upon and, in fact, stated that no motions were pending.

the court and this later motion did not assert new claims outside the two-year period but simply enlarged the issue raised in the earlier motion for postconviction relief.

Accordingly, we reverse the order on appeal and remand with directions that the postconviction court address the merits of the motion.[3]

REVERSED and REMANDED with directions.

PALMER, WALLIS, and LAMBERT, JJ., concur.

---

[3] We take no present position as to the merits of the motion.