# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-4862
_____

ARTHUR JOHNSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

May 25, 2018


B.L. THOMAS, C.J.

Appellant challenges the postconviction court's denial of his motion to amend his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Because Appellant's new claims do not relate back to the claims raised in his original timely filed motion, the amended motion is time barred, and we affirm the postconviction court's denial of his request to amend his motion. We reject Appellant's further attempt to raise a new argument for the first time on appeal.

*Facts*

Appellant entered a negotiated guilty plea to a charge of attempted first-degree murder, and the trial court sentenced Appellant to 29 years in state prison, with a mandatory

minimum of 25 years.  Appellant did not appeal, and his sentence became final.  Appellant subsequently filed a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing, inter alia, that his trial counsel was ineffective for failing to seek suppression of Appellant's confession.  The postconviction court ordered an evidentiary hearing on the ineffective assistance ground, and one week before the evidentiary hearing, Appellant filed a motion to amend his postconviction motion.

The pertinent ground in Appellant's initial motion alleged that his counsel should have moved to suppress his confession because it was given without a *Miranda* warning; Appellant moved to amend the motion to assert a claim that he may have received a *Miranda* warning, but because he was intoxicated when it was given, he did not knowingly, voluntarily, or intelligently waive his rights.  The court ruled that, because Appellant's sentence became final on December 12, 2009, the two-year window to file claims for postconviction relief closed in December 2011, five years prior to Appellant's motion to amend.

*Analysis*

The standard of review for a trial court's determination regarding a motion to amend a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 is whether there was an abuse of discretion.  *Huff v. State*, 762 So. 2d 476, 481 (Fla. 2000) (citing *McConn v. State*, 708 So. 2d 308, 310 (Fla. 2d DCA 1998)).

"A trial court may properly deny an amended rule 3.850 motion as untimely when it raises new claims and is filed outside of the two-year time period." *Lanier v. State*, 826 So. 2d 460, 461 (Fla. 1st DCA 2002).  "The two-year time period, however, does not preclude the enlargement of issues which were raised in a timely filed motion for postconviction relief."  *Id.*  When an amended motion "actually raises new issues of ineffective assistance of counsel that were not raised in the previous motion," the lower court does not err in denying a motion to amend.  *Huff*, 762 So. 2d at 481.

Appellant argues that his amendment was permitted outside the two-year window, because the amendment related to an existing claim that was timely filed, citing to *Lanier*. In *Lanier*, the appellant timely filed a rule 3.850 motion, and filed an amendment more than two years after his judgment and sentence became final. 826 So. 2d at 461. The appellant's initial motion claimed ineffective assistance of counsel for failing to raise the issue of entrapment, and his amendment stated that counsel knew there were witnesses whose testimony could show police misconduct which induced the appellant to commit the crime. *Id*. This court held that, although the appellant's amendment was untimely to the extent that it attempted to raise an ineffective assistance claim based on a new claim of police misconduct, it related back to the extent that the amended motion provided new information to support the original, timely filed claim. *Id*. at 461-62.

Here, Appellant's motion to amend does not attempt to provide new information to support his original claim, but rather attempts to raise a new basis for ineffective assistance of counsel. Appellant's initial claim was that counsel was ineffective for failing to move to suppress a confession given without a *Miranda* warning, while his new claim is that he was intoxicated while the *Miranda* warning was given. The additional information that Appellant had been smoking and drinking at the time of detention does not enlarge the original claim that the *Miranda* warning was not given. Rather, it raises a new claim. Because Appellant's amended motion was filed after the two-year window had closed, and the motion raised new claims not raised in Appellant's original motion, the trial court did not abuse its discretion in denying the motion.

AFFIRMED.

WOLF and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Arthur Johnson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Michael L. Schaub, Assistant Attorney General, Tallahassee for Appellee.