PER CURIAM.
Appellant, Richard E. Harris, appeals a final order summarily denying his Florida Rule of Criminal Procedure 3.850 motion and an order denying his motion to amend *154 his claims. We affirm in part, reverse in part, and remand for further proceedings.
In his motion, Appellant alleged, among other claims: (1) that his counsel suffered from a conflict of interest, (2) that his counsel was ineffective for failing to investigate several inconsistencies in the testimony of a key Williams[1] rule witness when compared to the physical evidence, and (3) cumulative error. Appellant sufficiently alleged prejudice, asserting, for instance, in ground four that the result of the trial would have been different had his counsel attacked the credibility of the State's witness with the inconsistencies.
First, although the trial court did not abuse its discretion in denying Appellant's request to raise new and untimely claims, the court did err when it denied Appellant's motion to amend his existing and timely raised claims. See Johnson v. State , 247 So.3d 698, 699 (Fla. 1st DCA 2018) ; Norris v. State , 198 So.3d 1036, 1038 (Fla. 5th DCA 2016).
Second, we conclude that the records attached to the trial court's order do not conclusively refute Appellant's amended claims in grounds three and four.[2] Therefore, we reverse the summary denial of grounds three, four, and five and remand for the circuit court to attach portions of the record that conclusively refute Appellant's amended claims or conduct an evidentiary hearing thereon.
AFFIRMED in part; REVERSED in part; REMANDED.
WALLIS, EISNAUGLE and HARRIS, JJ., concur.

Williams v. State , 110 So.2d 654 (Fla. 1959).

Appellant filed his proposed amended motion before the trial court denied his motion to amend.