# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-1040

_____

RUBEN MARTINEZ,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

February 27, 2019

B.L. THOMAS, C.J.

Appellant challenges the trial court's order summarily denying postconviction relief. For the reasons discussed below, we affirm.

In October 2013, Appellant was charged by amended information with sexual battery on a person less than twelve years of age (Count I) and lewd and lascivious molestation (Count II). At trial, the minor victim testified that when she was nine, Appellant, her grandfather, asked to sleep in her bedroom and then touched her inappropriately, including digital penetration. She asked him to stop, and he made her promise to keep it a secret. She testified that Appellant also molested her when she was seven or eight years old while she was visiting him in Colorado. The victim's older sister testified that Appellant had touched her

inappropriately on multiple occasions as well. Appellant's stepdaughter also testified that Appellant had molested her when she was a child, including digital penetration.

The jury found Appellant guilty as charged, and Appellant was sentenced to life in prison on Count I, and Count II was vacated. *Bolding v. State*, 28 So. 3d 956, 957 (Fla. 1st DCA 2010) ("When a jury finds a defendant guilty of two offenses, and the defendant cannot be adjudicated guilty of both due to the constitutional prohibition against double jeopardy, the proper remedy is to vacate the verdict of guilt as to one of the offenses."). This Court per curiam affirmed Appellant's judgment and sentence, and the supreme court denied habeas relief. *Martinez v. State*, 156 So. 3d 1081 (Fla. 1st DCA 2015) (Table); *Martinez v. State*, 171 So. 3d 118 (Fla. 2015) (Table).

In 2016, within the two-year deadline, Appellant filed a Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850, raising the same claims raised in a previously filed motion under Florida Rule of Criminal Procedure 3.800. The trial court issued an order striking the 3.850 motion as facially insufficient and gave Appellant sixty days to file an amended motion. In his amended motion, Appellant alleged that defense counsel was ineffective for: 1) failing to object to the State withholding evidence; 2) failing to move for a continuance; 3) allowing the State to introduce collateral crime evidence that became a feature of the trial; and 4) failing to object to prosecutorial statements that appealed to juror sympathy. The trial court summarily denied the motion with prejudice, ruling that Appellant failed to allege sufficient facts showing how counsel was deficient or the case was prejudiced. This Court per curiam affirmed the trial court's order denying collateral relief. *Martinez v. State*, 235 So. 3d 809 (Fla. 1st DCA 2017) (Table).

In 2017, Appellant filed a "Second and Successive Motion for Postconviction Relief," raising ten grounds. The trial court summarily denied the motion, and Appellant now timely appeals.

*Analysis*

A rule 3.850 motion must be filed within two years of the judgment and sentence becoming final. Fla. R. Crim. P. 3.850(b).

2

Thus, newly raised ineffective assistance of counsel claims filed after the two-year deadline will be procedurally barred as untimely. *Johnson v. State*, 247 So. 3d 698, 700 (Fla. 1st DCA 2018). Because Appellant's judgment and sentence became final more than two years before the October 2017 filing of Appellant's second motion, his claims are procedurally barred as untimely unless any fall within an exception to the two-year deadline. Appellant asks this Court to treat his motion as timely on the grounds that his mental illnesses, including dementia, render him 100% disabled.

In *Beech v. State*, 127 So. 3d 559, 560 (Fla. 4th DCA 2012), the appellant attempted to excuse his untimely filing of a postconviction motion based on his mental illness and placement in a suicide unit. The Fourth District found no merit in this argument, for although the appellant claimed that his circumstances rendered him unable to timely file the appropriate motion, he had in fact filed an earlier postconviction motion within the time limit, belying his argument. *Id.* As in *Beech*, Appellant's argument that he was unable to timely file the instant motion is belied by the fact that he filed previous postconviction motions within two years of the judgment and sentence. Accordingly, any claims which do not constitute newly discovered evidence are procedurally barred as untimely, and we therefore affirm those claims.

Newly discovered evidence claims are subject to a two-part test:

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.

*Marek v. State*, 14 So. 3d 985, 990 (Fla. 2009). Such claims must be filed within two years of the time when the evidence could have been discovered by the use of due diligence. *Blake v. State*, 152 So. 3d 66, 68 (Fla. 2d DCA 2014).

Although Appellant argues that three of his claims involve newly discovered evidence, his arguments fail to satisfy the test set out in *Marek*. First, Appellant argues that his wife can offer newly discovered exculpatory testimony. However, this "new" evidence is a statement given by his wife in deposition, and Appellant asserts that he asked defense counsel to have her testify regarding this evidence. As Appellant acknowledges that both he and his attorney knew of this evidence before trial, it does not constitute newly discovered evidence. *See Marek*, 14 So. 3d at 990. Thus, Appellant's claim is untimely.

Next, Appellant argues that defense counsel was ineffective for failing to move for dismissal when the two charged offenses were based on the same conduct. This is not newly discovered evidence, as Appellant raised this same argument in his 2016 motion to correct illegal sentence. Furthermore, as noted, Appellant was not *sentenced* twice for the same conduct.

Finally, Appellant argues that he recently discovered that defense counsel failed to communicate pretrial plea offers ranging from five to ten years in prison in exchange for a guilty plea, and that he would have accepted such offers had he been so informed. But Appellant gives no indication of how or when he came to know of the purported plea offers. Further, Appellant's claim is conclusively refuted by the record, which shows that at the onset of jury selection, the attorneys for both parties denied the existence of any plea offers. Thus, the trial court did not err in summarily denying Appellant's motion for postconviction relief.

Because all of Appellant's claims are either procedurally barred as untimely or conclusively refuted by the record, we affirm the trial court's order denying Appellant's Motion for Postconviction Relief.

AFFIRMED.

ROBERTS and OSTERHAUS, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Ruben Martinez, pro se, Appellant.

Ashley B. Moody, Attorney General, Tallahassee, for Appellee.