PER CURIAM.
Jerome Bailey appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Upon the state’s concession we reverse the trial court’s denial and remand for the trial court to consider Bailey’s motion.
It appears that while Bailey’s appeal of his judgment and sentence was pending, he filed his first pro se motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. On April 9, 1997, Bailey’s motion was denied. Bailey did not appeal the trial court’s order.
Instead, on September 2, 1999, Bailey filed a second pro se motion for post-conviction relief pursuant to rule 3.850. The trial court required the state to respond to Bailey’s motion.
In its response, the state urged that Bailey had previously sought post-conviction relief complaining of ineffective assistance of counsel. In his reply to the state’s response, Bailey stated that at the time he filed his first rule 3.850 motion, the trial court did not have jurisdiction to consider it.
Despite Bailey’s reply, the trial court, adopting the state’s response, denied relief finding the motion to be successive. Attached to the state’s response was the trial court’s earlier order of April 9, 1997, denying relief. Consequently Bailey appealed the summary denial of his motion and filed an initial brief.
In turn, the Attorney General filed its answer brief explaining that because the trial court did not have jurisdiction to consider Bailey’s first rule 3.850 motion on the merits, his second rule 3.850 motion was not successive. See Daniels v. State, 712 So.2d 765 (Fla.l998)(holding that where a defendant’s first motion was both filed and denied while his conviction was on appeal, his second motion is not procedurally barred). The State concedes that trial court decision should be reversed and Bailey’s motion should be remanded to the trial court for further consideration. Without passing on the merits of Bailey’s motion, we agree.
Accordingly, the trial court’s order summarily denying Bailey’s rule 3.850 motion is reversed and remanded for consideration by the trial court.
GUNTHER, GROSS and TAYLOR, JJ., concur.