884 So.2d 417 (2004)
Drake PRITCHETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5161.
District Court of Appeal of Florida, Second District.
September 29, 2004.
James Marion Moorman, Public Defender, and Deana K. Marshall, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Drake Pritchett challenges the trial court's denial of his postconviction motion filed pursuant to Florida Rule of Criminal *418 Procedure 3.850, in which he alleged several claims of ineffectiveness of trial counsel. The trial court summarily denied claims two through four of Pritchett's motion, denied claim one after an evidentiary hearing, and denied Pritchett's fifth claim on procedural grounds. We affirm in part and reverse in part.
Because we conclude that claims one through four of Pritchett's postconviction motion have no merit, we affirm the trial court's denial of these claims without further comment. Pritchett, however, raised a fifth claim in a motion to amend his postconviction motion.
In denying Pritchett's motion to amend his postconviction motion, the trial court found that "the defendant has failed to allege a reason or reasons, beyond his general statement that he just discovered the grounds for the new claim, for his failure to include these claims in his original [m]otion." As such, the trial court concluded that Pritchett had failed to demonstrate good cause to amend as required by McConn v. State, 708 So.2d 308 (Fla. 2d DCA 1998). In McConn, this court addressed amendments to rule 3.850 motions and held: "If the two-year time period has not expired, the trial court should consider whether there was cause for failure to include the new allegations in the original motion." Id. at 310. This court then included a partial list of reasons that might constitute good cause.
However, in Gaskin v. State, 737 So.2d 509 (Fla.1999), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004), the Florida Supreme Court impliedly overruled McConn. In Gaskin, where the appellant had filed an amended motion before the trial court ruled on the original motion and before the two-year time limit had expired, the supreme court determined that when "both the original and amended 3.850 motions were filed within the statutory two-year time limitation... it was error for the trial court not to consider the merits of the new allegations." 737 So.2d at 518. Here, Pritchett was originally sentenced on July 27, 2000. He filed his initial rule 3.850 motion on February 4, 2002. On February 21, 2002, Pritchett, a DOC inmate, signed and gave to an institutional officer for mailing his "Motion for Leave to Amend and/or Supplement Defendant's Postconviction Motion," in which he sought to add a claim of ineffectiveness for counsel's failure to object to the trial court's failure to place the panel of prospective jurors under oath prior to voir dire. Because Pritchett sought to file his amended motion within the two-year period, as well as before the trial court had ruled on his original claims, it was error under Gaskin for the trial court not to consider the additional claim.
Accordingly, we reverse the trial court's denial of Pritchett's motion to amend with instructions that the trial court address the new allegation.
Affirmed in part; reversed in part.
SILBERMAN and CANADY, JJ., Concur.