ALTENBERND, Judge.
Gene Lenox Gore appeals an order denying his motion for postconviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court dismissed this motion as successive. We reverse because the motion contains new and different grounds and addresses the performance of Mr. Gore’s attorney at a 2006 hearing on a violation of probation, whereas the first motion addressed the performance of a different attorney at Mr. Gore’s 2005 plea hearing. Nothing suggests that this second motion is an abuse of the procedure governing this rule. See Fla. R. Crim. P. 3.850(f).
Mr. Gore was charged in 2005 with grand theft. Our record is very limited. It appears that he pleaded to this charge in exchange for probation. He did not appeal any judgment or sentence imposed at that time.
In September 2006, the trial court entered a new judgment and sentence on violation of probation, sentencing Mr. Gore to three years’ incarceration. Mr. Gore *923 appealed the judgment and sentence entered in 2006. This court affirmed the 2006 judgment and sentence and issued mandate in April 2008. Gore v. State, 978 So.2d 167 (Fla. 2d DCA 2008) (table decision). Mr. Gore appears to have fully served his three-year sentence.
While the direct appeal was pending in 2007, Mr. Gore filed his first postconviction motion alleging ineffective assistance of counsel at the time of his original plea. The trial court denied that motion in March 2009 with an order that informed Mr. Gore that he had the right both to amend his motion and to file an appeal. Mr. Gore did neither.
Approximately one year later, Mr. Gore filed his second motion for postconviction relief in April 2010, just within the two-year window, to challenge the proceedings on his violation of probation. This motion contains new grounds in that it addresses only the conduct of the attorney who represented Mr. Gore on the violation of probation — a different attorney than the one who represented him at the plea hearing and whose actions were the subject of the first motion.
It is noteworthy that ease law generally prohibits a defendant from filing a postconviction motion challenging a judgment and sentence during the pendency of a direct appeal that also challenges the same judgment and sentence. See Daniels v. State, 712 So.2d 765, 765 (Fla.1998); Clemons v. State, 3 So.3d 364, 365 (Fla. 2d DCA 2009); Bunkley v. State, 800 So.2d 663, 664 (Fla. 2d DCA 2001); Ortiz v. State, 768 So.2d 1177, 1177 (Fla. 2d DCA 2000). Thus, when Mr. Gore filed his first motion, he could raise issues arising from the 2005 judgment and sentence entered at his original plea hearing because they were not the subject of a pending direct appeal, but he was not entitled to raise issues related to the 2006 judgment and sentence entered on violation of probation because Mr. Gore’s direct appeal of that judgment and sentence was pending.
The trial court apparently did not understand the timing involved in these proceedings and erred in dismissing Mr. Gore’s second rule 3.850 motion as successive when this motion addresses entirely different matters than those addressed in the first. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
CRENSHAW and BLACK, JJ„ Concur.