ALTENBERND, Judge.
D’Angelo LaVelle Dixon appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse with instructions that *1180 the trial court give priority consideration to this proceeding.
In 2005, a jury convicted Mr. Dixon of aggravated battery with a deadly weapon, robbery with a firearm, and attempted first-degree murder for events that occurred in December 2000. He received sentences, the longest of which is forty years for the attempted murder. He appealed his judgments and sentences. This court affirmed on October 20, 2006, and issued mandate on November 13, 2006. See Dixon v. State, 940 So.2d 431 (Fla. 2d DCA 2006) (table decision).
Mr. Dixon is obviously an impatient man, and this has worked to his detriment. He filed his first postconviction motion in May 2005. Given that he had an appeal pending, this motion was premature. See Daniels v. State, 712 So.2d 765, 765 (Fla.1998); Gore v. State, 56 So.3d 922, 923 (Fla. 2d DCA 2011). In the motion he raised only one ground: a juror allegedly did not disclose or was not asked whether she knew the victim. He filed the motion so quickly that he did not even know the name of the lawyer that would represent him on the direct appeal at the time he filed it.
The trial court resolved the motion in an odd fashion. First, Judge Frederick Hardt dismissed the motion on grounds that the court did not have jurisdiction during the appeal. He entered the order on September 15, 2005. Mr. Dixon properly did not appeal the dismissal. Then on October 19, 2005, Judge Hardt inexplicably entered an order staying the dismissed proceeding. After mandate issued in the appeal, Judge Bruce Kyle entered an order on March 26, 2007, denying the motion on the ground that the jury misconduct issue could or should have been raised on direct appeal.[1]
Although it is doubtful that Judge Kyle had jurisdiction to deny the motion that Judge Hardt had previously dismissed, Mr. Dixon appealed Judge Kyle’s order. See Dixon v. State, 959 So.2d 726 (Fla. 2d DCA 2007) (table decision). He then apparently accepted the trial court’s reasoning, voluntarily dismissed the appeal, and filed a proceeding in this court arguing that his appellate lawyer had been ineffective on direct appeal because that lawyer had raised only an issue about limitations on the cross-examination of a state witness and had not raised the issue identified in the original posteonviction motion. This court treated the filing as a petition alleging ineffective assistance of appellate counsel (PAIAAC) and denied it in early November 2007. See Dixon v. State, 968 So.2d 565 (Fla. 2d DCA 2007) (table decision).[2]
Mr. Dixon filed the motion for postcon-viction relief that is the subject of this appeal on November 6, 2008. In the motion, Mr. Dixon somewhat inartfully argues a Brady[3] violation and six other grounds. These grounds may not all be facially sufficient, but it is arguable that Mr. Dixon *1181 could amend them to allege proper grounds for postconviction relief. After he filed the motion, the trial court apparently ordered a response from the State a few days later. We say “apparently” because that order is not in our record, but the State recites its existence in the response it filed in late December 2008. The response, which is two pages in length and contains no attachments, argues that the motion is untimely or successive because of the May 2005 motion that Mr. Dixon filed at the inception of his direct appeal.
In February 2009, Mr. Dixon moved to strike the response for reasons that are not important to this appeal. In June 2009, he filed a “motion to rule.” Such a motion is always a risky tactic, rather like waking a sleeping bear, because the trial court, pressured into a quick ruling, is likely to rule against the prisoner. Mr. Dixon appears to have avoided this risk because the trial court did nothing for another fourteen months. In August 2010, Judge Christine Greider issued an order denying the November 2008 postconviction motion.
The order attaches only the two-page information filed against Mr. Dixon. Not only does this document fail to refute Mr. Dixon’s claims, but it does not support many of the factual and procedural representations in the order. The order recites that Mr. Dixon filed the motion on November 6, 2008, and then states that this court issued its mandate on November 15, 2006.[4] It incorrectly concludes that the defendant had “until November 16, 2006,” i.e., one day, to file a postconviction motion and that the November 6, 2008, motion, which Mr. Dixon obviously filed within two years of November 13, 2006, was untimely. See Fla. R. Crim. P. 3.850(b) (providing that the time limit for filing a rule 3.850 motion in a noncapital case is two years after the judgment and sentence becomes final); see also Beaty v. State, 701 So.2d 856, 857 (Fla.1997) (holding that the two-year period for filing a motion for postconviction relief begins to run upon issuance of mandate).
The order also rules that the November 2008 motion is successive to the May 2005 motion. Assuming Judge Hardt actually dismissed the original motion as premature, the November 2008 motion clearly is not successive. However, even if Judge Kyle properly denied the original motion, this motion raises new grounds, and Mr. Dixon’s filing the motion was not an abuse of the procedures governed by rule 3.850. See Fla. R. Crim. P. 3.850(f).
In the twenty-one months that the November 2008 motion was pending below, we are inclined to believe that the trial court could have reached a better reasoned decision in accordance with the rules of procedure and due process. We have no way to judge whether Mr. Dixon has a claim worthy of serious consideration, but we know it has not received such consideration.[5]
Therefore, we reverse and remand for further proceedings. If Mr. Dixon’s motion is insufficient, the trial court should give him an opportunity to amend. In light of the past delays, the trial court *1182 should give his motion priority consideration.
Reversed and remanded.
KELLY and BLACK, JJ., Concur.

. With virtually no record in this appellate proceeding, this court has obtained all of its own earlier appellate proceedings in this matter and has chosen to take notice of its own records. The information in this paragraph is derived from our record in case number 2D07-2132. See Dixon v. State, 959 So.2d 726 (Fla. 2d DCA 2007) (table decision).

. In case number 2D08-1755, Mr. Dixon filed another proceeding in this court that the court treated as a PAIAAC. Mr. Dixon claimed that he had a speedy trial issue that should have been raised on appeal. We also denied this petition. See Dixon v. State, 983 So.2d 1157 (Fla. 2d DCA 2008) (table decision).

. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that government suppression of material evidence favorable to a criminal defendant violates due process).

. As indicated earlier, this court issued mandate on November 13. Perhaps the circuit court clerk filed the mandate on November 15.

. By virtue of a petition for writ of mandamus that Mr. Dixon recently filed in case number 2D11-1067, we are aware that the denial of the motion on appeal has caused Mr. Dixon to file a flurry of additional motions in the trial court. The ruling in this decision may affect the recent rulings in those proceedings by another circuit judge who was relying on the order that we reverse today.