NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDREW C. BALAS,                              )
                                             )
        Appellant,                        )
                                             )
v.                                           )       Case No.  2D15-2286
                                             )
STATE OF FLORIDA,                            )
                                             )
        Appellee.                         )
_____)

Opinion filed September 9, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Nancy Moate Ley,
Judge.

NORTHCUTT, Judge.

        Andrew C. Balas appeals the order summarily disposing of his motion and

amended motion for postconviction relief pursuant to Florida Rule of Criminal Procedure

3.850.  Balas raised three grounds for relief.  We affirm the dismissal of grounds two

and three without further comment.  However, we reverse the summary denial of

Balas's amended ground one because the postconviction court overlooked his timely

supplement to his amended ground one.

Balas entered an open guilty plea to one count of causing death or serious bodily injury by carelessly or negligently operating a motor vehicle while his driver's license was revoked. See § 322.34(6)(b), Fla. Stat. (2010). The trial court sentenced Balas to 90.75 months' imprisonment, which the sentencing transcript indicates was the lowest permissible sentence that he could receive under his Criminal Punishment Code (CPC) scoresheet. Balas appealed, but on July 3, 2013, this court granted his motion to voluntarily dismiss his appeal.

On June 6, 2014, Balas filed his original rule 3.850 motion raising three grounds for relief. The postconviction court reserved ruling on grounds two and three, and it struck ground one as facially insufficient. Ground one asserted that counsel's misadvice rendered Balas's plea involuntary and that counsel performed ineffectively at sentencing. The court granted Balas leave to amend the claims set forth in ground one. See Fla. R. Crim. P. 3.850(f)(3). It then granted a motion for extension of time, which directed Balas to file his amended motion on or before March 16, 2015.

On February 4, 2015, Balas filed a motion amending his claims in ground one and providing additional details regarding his counsel's alleged misadvice and deficient performance. Balas further expanded his allegations from ground one with the filing of another amended motion on March 6, 2015.

On March 31, 2015, the postconviction court issued an order addressing the original motion and the February motion. The postconviction court denied amended ground one as conclusively refuted by the record, and it dismissed grounds two and

three as not cognizable in a rule 3.850 motion. The court failed to address the March motion.[1]

Any claims in the March motion that related to amended ground one in the February motion were timely filed under the postconviction court's order extending the period for Balas to amend that claim. Further, any new claims raised in either the February or March motions were timely filed within two years following the voluntary dismissal of Balas's direct appeal. See Fla. R. Crim. P. 3.850(b); Cabrera v. State, 721 So. 2d 1190, 1191 (Fla. 2d DCA 1998) (holding that the two-year time period to file a rule 3.850 motion begins when the district court grants a motion to voluntarily dismiss a direct appeal). Therefore, the court should have addressed those new claims on the merits because it had never ruled on the merits of Balas's original motion. See Fla. R. Crim. P. 3.850(e); Pritchett v. State, 884 So. 2d 417, 418 (Fla. 2d DCA 2004) (holding that the postconviction court erred in denying a motion to supplement a rule 3.850 motion because both the original and amended motions were filed within the statutory two-year time limitation and the postconviction court had not issued a final order disposing of the claims in the original motion); cf. Hempstead v. State, 980 So. 2d 1254, 1258 (Fla. 2d DCA 2008) (holding that amendments made to a motion after the postconviction court ruled on the original motion were improper, successive motions).

Accordingly, without commenting on the merits or facial sufficiency of any of the amended or new claims in the February and March motions, we reverse the order denying amended ground one in the February motion and remand for the postconviction

---

[1]In fact, the circuit court docket reflects that the postconviction court has yet to dispose of the March motion.

court to reconsider the February motion in conjunction with its consideration of the March motion.

Affirmed in part; reversed in part; remanded.

LaROSE and SLEET, JJ., Concur.