NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STEPHEN BREWSTER,                )
                                 )
        Appellant,               )
                                 )
v.                               )        Case Nos.  2D15-2097
                                 )                   2D15-4658
STATE OF FLORIDA,                )                   2D15-4660
                                 )
        Appellee.                )        CONSOLIDATED
_____)

Opinion filed September 30, 2016.

Appeals pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Thomas W. Krug,
Judge.

Stephen Brewster, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

        For purposes of this opinion, we have consolidated Stephen Brewster's

appeals of postconviction orders in case numbers 2D15-2097, 2D15-4658, and 2D15-

4660.  In its response to this court's orders, the State properly observes that the

postconviction court lacked jurisdiction to rule on Mr. Brewster's first two postconviction

motions during the pendency of the direct appeals of his judgments and sentences in case numbers 2D12-3150 and 2D12-6415.  As a result, the State concedes that the postconviction court erred in subsequently dismissing Mr. Brewster's later postconviction motions as successive to those first two postconviction motions upon which the court lacked jurisdiction to rule.

On September 12, 2014, this court issued per curiam opinions affirming Mr. Brewster's judgments and sentences in case numbers 2D12-3150 and 2D12-6415, see Brewster v. State, 155 So. 3d 345 (Fla. 2d DCA 2014) (table decisions), but the mandates in those cases did not issue until May 7, 2015.  Before the mandates issued, Mr. Brewster filed[1] a "petition for writ of habeas corpus" on October 14, 2014, and a motion to supplement the petition on October 15, 2014.  Both of these filings related to his judgments and sentences on direct appeal in case numbers 2D12-3150 and 2D12-6415.  On March 9, 2015, the postconviction court entered an order that treated Mr. Brewster's petition and supplement as motions seeking postconviction relief under Florida Rule of Criminal Procedure 3.850 and summarily denied them.  That order is on appeal in case number 2D15-2097.

Meanwhile, on January 28, 2015, Mr. Brewster filed a "motion to correct illegal sentence," in which he again raised various claims related to his judgments and sentences on direct appeal in case numbers 2D12-3150 and 2D12-6415.  While this motion was pending, on September 10, 2015, Mr. Brewster filed a "motion to correct illegal sentence and to properly award jail credit," which also concerned the judgments

---

[1]The dates of Mr. Brewster's filings refer to the date he placed them in the hands of prison officials for mailing pursuant to the mailbox rule.  See Fla. R. App. P. 9.420(a)(2).

and sentences on direct appeal in case numbers 2D12-3150 and 2D12-6415.  On September 22, 2015, the postconviction court entered an order on the January 28, 2015, and the September 10, 2015, motions, striking some claims as successive to the two October 2014 postconviction motions denied in the March 9, 2015, order, striking the claim for jail credit as facially insufficient with leave to amend, and striking a claim under rule 3.850 with leave to amend.

On September 30, 2015, Mr. Brewster filed a "motion for correction of jail credit" attempting to amend his rule 3.801 claim for jail credit.  On October 7, 2015, the postconviction court entered an order denying the motion with prejudice because he failed to sufficiently amend his claim for jail credit, which is on appeal in case number 2D15-4658.

On October 13, 2015, Mr. Brewster filed a "motion for postconviction relief" amending his rule 3.850 claim that the postconviction court struck in the September 22, 2015, order and raising additional claims related to his judgments and sentences on direct appeal in case numbers 2D12-3150 and 2D12-6415.  On October 30, 2015, Mr. Brewster filed a "motion to amend" one of the new grounds raised in the October 13, 2015, motion.  The postconviction court struck Mr. Brewster's October 13, 2015, motion in its November 3, 2015, order and struck his October 30, 2015, motion in its November 19, 2015, order, finding that both of these motions were successive to the two October 2014 postconviction motions that it denied in its March 9, 2015, order.  The November 3, 2015, and November 13, 2015, orders, which concluded the judicial labor from the September 22, 2015, order striking Mr. Brewster's rule 3.850 claim with leave to amend, are on appeal in case number 2D15-4660.

The postconviction court did not obtain jurisdiction to rule on Mr. Brewster's October 2014 postconviction motions until the mandates in his appeals issued on May 7, 2015. See Daniels v. State, 712 So. 2d 765, 765 (Fla. 1998) ("[D]uring the pendency of a defendant's direct appeal, the trial court is without jurisdiction to rule on a motion for postconviction relief."); State v. Miyasato, 805 So. 2d 818, 824 (Fla. 2d DCA 2001) ("In general, the mandate in any case functions to end the jurisdiction of the appellate court and to return full jurisdiction of the case to the trial court."). Consequently, the postconviction court erred in ruling that Mr. Brewster's subsequent postconviction motions were successive to the two October 2014 postconviction motions upon which it lacked jurisdiction to rule in its March 9, 2015, order. See Dixon v. State, 60 So. 3d 1179, 1181 (Fla. 2d DCA 2011) (explaining that a second rule 3.850 motion could not be deemed successive to a first postconviction motion that had been dismissed as prematurely filed during the pendency of the direct appeal); Bailey v. State, 772 So. 2d 627 (Fla. 4th DCA 2000) (reversing the summary denial of appellant's second rule 3.850 motion as successive because the trial court lacked jurisdiction to deny the defendant's first rule 3.850 motion on the merits during the pendency of his direct appeal and remanding for reconsideration on the merits).

Accordingly, without commenting on the merits of any of Mr. Brewster's claims for relief, we reverse the postconviction court's orders dated March 9, 2015; September 22, 2015; October 7, 2015; November 3, 2015; and November 19, 2015. We remand with instructions for the postconviction court to reconsider each of the claims that Mr. Brewster raised in the postconviction motions filed on October 14, 2014; October 15, 2014; January 28, 2015; September 10, 2015; September 30, 2015;

- 4 -

October 13, 2015; and October 30, 2015. The postconviction court will have jurisdiction to rule on these matters following the issuance of our mandates.

Reversed and remanded.

WALLACE, MORRIS, and LUCAS, JJ., Concur.