NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEPHEN BREWSTER,                     )
                                      )
            Appellant,                )
                                      )
v.                                    )       Case No. 2D17-3196
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
                                      )
_____)

Opinion filed July 13, 2018

Appeal from the Circuit Court for Sarasota
County; Thomas W. Krug, Judge.

Stephen Brewster, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


CRENSHAW, Judge.

        Stephen Brewster appeals an order summarily disposing of his amended

motion for postconviction relief and motion to supplement postconviction relief filed

under Florida Rule of Criminal Procedure 3.850.  The postconviction court denied

grounds six and thirteen of the amended motion because the claims of illegal sentence,

filed under rule 3.800(a), were refuted by the record or otherwise lacked merit.  We

affirm the denial of grounds six and thirteen without comment.  The postconviction court

struck grounds one through five, seven through twelve, and fourteen through seventeen of the amended motion as successive. This was error.

Where a defendant files an amended motion before the postconviction court rules on the original motion and before the two-year time limit has expired, it is error for the postconviction court not to consider the merits of the new allegations. Pritchett v. State, 884 So. 2d 417, 418 (Fla. 2d DCA 2004) (citing Gaskin v. State, 737 So. 2d 509, 518 (Fla. 1999), receded from on other grounds, Nelson v. State, 875 So. 2d 579 (Fla. 2004)); cf. Hempstead v. State, 980 So. 2d 1254, 1258 (Fla. 2d DCA 2008) (holding that amendments made to a motion after the postconviction court ruled on the original motion were improper, successive motions).

Here, the mandate in Mr. Brewster's direct appeal issued on May 7, 2015. Mr. Brewster filed his initial "petition for writ of habeas corpus" on October 14, 2014, and a motion to supplement the petition on October 15, 2014. The postconviction court summarily denied the petition and supplement in an order dated March 9, 2015. In Brewster v. State, 203 So. 3d 956 (Fla. 2d DCA 2016), this court reversed and remanded that order, along with four other postconviction court orders that ruled upon a total of seven motions for postconviction relief, finding that the postconviction court lacked jurisdiction to enter orders on the postconviction motions because the mandate in the direct appeal had not yet issued.

On January 30, 2017, Mr. Brewster filed the instant amended motion for postconviction relief, and on February 8, 2017, Mr. Brewster filed a supplement to the amended motion. The postconviction court did not start ruling on the remanded motions until July 5, 2017. The amended motion and the supplement were both filed before the

- 2 -

postconviction court had ruled upon any of the remanded postconviction motions, and within rule 3.850(b)'s two-year time limit.  Therefore, it was error for the postconviction court not to consider the claims raised in the amended motion and supplement.  See Pritchett, 884 So. 2d at 418.

Accordingly, we affirm in part, reverse in part, and remand for the postconviction court to address the merits of grounds one through five, seven through twelve, and fourteen through seventeen of Mr. Brewster's amended motion.

Affirmed in part, reversed in part, and remanded.


LaROSE, C.J., and LUCAS, JJ., Concur.